**STATE, ex rel RAYDEL, Plaintiff-Appellee, v. RAIBLE,
Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22515.   Decided October 27, 1952.

Corrigan, McMahon & Corrigan, Sindell & Sindell, Cleveland, for plaintiff-appellee.
Wm. J. Kraus, Cleveland, for defendant-appellant.

## OPINION

By THOMPSON, J:

The present action constitutes an appeal to this Court on questions of law from an order of the Common Pleas Court of Cuyahoga County, under date of March 5, 1952, granting a motion of complainant in a bastardy action to stay and restrain the taking of depositions by the defendant. The transcript and bill of exceptions disclose that complainant, Alice E. Raydel, filed a complaint in bastardy against defendant, C. Greif Raible, before one Myron J. Penty, Justice of the

Peace. A hearing under the statute was accordingly held at which complainant was examined by defendant's counsel, as authorized by §8006-4 GC, the examination being reduced to writing and subscribed by her. Within thirty days thereafter, as provided by §8006-10 GC, the Justice of the Peace forwarded a certified transcript of the proceedings, including the testimony of complainant, to the Clerk of the Common Pleas Court of Cuyahoga County, the transcript being filed on October 22, 1951.

On December 19, 1951, counsel for complainant filed in the Common Pleas Court an application for an order staying the taking by defendant of the depositions of complainant. The application was in the following language:

"Now comes the complaining witness, Alice E. Raydel, by her attorneys, Sindell & Sindell, and applies to the court for its order staying the defendant, through his attorney, Wm. J. Kraus, from taking the depositions of Alice E. Raydel."

The application contained a notice of hearing at a specified time and place. At that hearing on January 5, 1952, the application was overruled, and a motion was filed three days later by complainant for rehearing. Upon the re-hearing, which transpired before another judge of the same court, and based upon evidence presented, the Court of Common Pleas entered an order on March 5, 1952, stating that "until further order of the court, conditioned upon the appearance of the defendant herein and his availability to the complainant for prior depositions or the affidavit of an agreement by the parties hereto as to the taking of their respective depositions herein, the defendant by and through his counsel, be and hereby is restrained from taking the depositions of the complainant or any other witness in this cause." The order referred to the fact that complainant had been previously examined before the Justice of the Peace court in the pending matter and that she had been there cross-examined at length by the defendant. The order likewise recited that plaintiff was seeking the depositions of the defendant who was then absent from the jurisdiction of the court and outside the United States, and that defendant's counsel although requested by the court, had been unable to advise when and if the defendant would return to the jurisdiction and be available for the purpose of having his depositions taken by complainant.

The assignments of error in this court are nine in number. The principal assignments of error are as follows:

1. The court erred in granting a rehearing of the motion of complainant to stay the taking of her depositions.

2. The court erred in granting the motion of complainant to stay the taking of her depositions.

3. The court erred in staying the taking of the depositions of other witnesses, no motion for that purpose having been filed by complainant.

With respect to the motion for rehearing granted to complainant, we have pointed out that it was filed within three days of the court's order of January 5, 1952. The motion alleged that it was based on "matters that were not before available" and it is deducible from the bill of exceptions that various events had transpired since the filing of the motion on December 19th, very possibly corroborating the original allegations. Under the circumstances, we find no abuse of discretion by the trial court in granting the motion for rehearing.

Coming to the second assignment of error that the trial court erred in granting the motion of complainant to stay the taking of her depositions, we reach the vital question before us. For its determination we turn to an examination of the right to take depositions as recognized under Ohio law.

In this state, the taking of testimony of witnesses by deposition is authorized and regulated by statute. **14 O. Jur. "Depositions" Sec. 3, p. 8.** With respect to the taking of depositions in civil cases, see §§11521 to 11549 inclusive GC. These sections are found in Part Third of the Ohio General Code, Title IV, Procedure in Common Pleas Court, under Division III, in Chapter 3, entitled Evidence. **Sec. 11526 GC,** cited to us by counsel, provides as follows:

"**Sec. 11526 GC:** What deposition taken. Either party may commence taking testimony by deposition at any time after service upon the defendant."

Our attention has been likewise called to **§11497 GC,** declaring in part as follows:

"At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness."

This section is likewise a part of the procedure in Common Pleas Court set forth in Chapter III, **Evidence.** We also cite from the same Chapter, Section 11539, of which we quote the first sentence as follows:

"**Sec. 11539 GC.** Where depositions may be used. **Depositions taken pursuant to this chapter shall be admitted in evidence on the trial of any civil action** or proceeding pending before a justice of the peace, or mayor or other judicial officer of a municipal corporation, or before arbitrators, a referee, or a master." (Emphasis added.)

Although under §13444-15 GC, the examination of witnesses by deposition in criminal cases shall be taken and certified, and the return thereof to the court made as depositions are

taken in civil cases, it is important to emphasize that depositions in criminal cases are governed by §13444-11 GC. The only condition under which depositions may be taken in such cases is by application in writing to the court for a commission to take the deposition of witnesses desired. The court has discretion, under such circumstances, to consider whether the right to take the deposition should be granted. This section is so significant that we quote it in full:

"Sec. 13444-11 GC. When an issue of fact is joined upon an indictment and a material witness for the state or the defendant resides out of the state, or residing within the state is sick or infirm, or about to leave the state, or is confined in prison, the prosecuting attorney, or the defendant, may apply in writing to the court for a commission to take the deposition of such witness. The court or judge may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant, before such witness shall be examined. Such commission shall not be granted and such order shall not be made until there is filed with the clerk of said court, an affidavit stating in substance the evidence sought to be secured by deposition, and that it is competent, relevant and material, and it shall appear to the court that such evidence is relevant, competent and material."

Our question for decision in this case is not whether a bastardy action is to be deemed a criminal action, or a civil action, so far as the applicable statutes relating to the taking of depositions are concerned. It has been frequently noted that a bastardy action in this state is a hybrid type of case, possessing criminal and civil aspects alike. The most recent decision of the Supreme Court of Ohio, discussing the nature of a bastardy action, is *State, ex rel Gill v. Volz, 156 Oh St 60.* The hybrid character of such action is apparent in the fact that the Ohio statutes regulating this type of case were for many years included in Title IV of the General Code of Ohio relative to Procedure in Common Pleas Court, grouped under Division VIII, along with Amercement and Contempt of Court. These were there described as quasi-criminal actions. (See Revised Statutes, Secs. 5614-5638 and later §12110 through §12134 GC, as amended in 110 O. L. 296 and repealed 124 O. L. 65, effective August 28, 1951.)

Bastardy proceedings are presently governed by §8006-1 through §8006-24 GC, effective August 28, 1951. It will be noted that §8006-4 GC, permitting examination of complainant by the accused, is the same as former §12111 GC. The only difference in the more recently enacted section, applic-

able to the present case, is that it refers to "the justice of the peace or juvenile judge," while the former section referred to "the justice or judge." Other new sections remain almost identical in form with former repealed sections, it being apparent from examination of the new Act that the main purpose was to give jurisdiction to juvenile judges, as well as to justice of the peace, in a bastardy complaint and not to change in any respects the essential character of the action.

We might, on the basis that a bastardy action partakes of criminal character, particularly in its preliminary stages, uphold the action of the trial court in the case before us on the ground that the provisions for taking depositions only upon application to court and by commission apply by analogy in such circumstances. We might also uphold the trial court's action on the ground that a bastardy action is a special proceeding and that to the extent that the statutes here lay down specific requirements and methods of procedure, these shall be followed to the exclusion of general provisions of the Code. In this connection, we might point out that under §8006-4 GC, one examination of complainant by the accused had previously taken place and that only one preliminary examination of complainant is there authorized. We prefer to base our opinion, however, on the broader ground that even if a bastardy action may be said to have such quasi-civil aspects that the general provisions of the Civil Code with reference to taking of depositions apply, and notably §11526 GC, which we have previously quoted, the trial court was none-the-less vested with authority to apply the section with a certain discretionary latitude or firmness as circumstances might require.

Under §11526 GC, authorizing either party to commence taking testimony by deposition at any time after service upon the defendant, no one would question the right of the trial court, we believe, to postpone or delay the taking of depositions of a party lying semi-conscious in a hospital. We also believe that no one would deny the right of the trial judge to delay the taking of testimony of one of the parties where some unforeseen and unexpected illness of counsel, or unanticipated "Act of God," intervened.

In the present case, there had already been one cross-examination of complainant at the time of the preliminary hearing and that cross-examination had been thorough. At the time that complainant, through her counsel, filed her motion to restrain the taking of her deposition, there was some evidence before the trial court that harrassment and oppression of complainant was the purpose of the accused rather than the preparation of his own case and he himself was outside of

the United States, unable to be reached by process and very possibly evading process. His counsel was unable to give the trial court any idea as to when his client might return to the United States and be available for a deposition hearing.

The order appealed from reveals that the trial court reached its decision restraining the taking of complainant's deposition only "until further order of the court," and it was based on evidence presented in open court. We believe the evidence justified firmness by the court. Furthermore, we think it important to stress that the trial court's action did not deny the right to take depositions by accused. It merely postponed the taking "until further order of court." We glean from the record that some kind of fisticuffs had been engaged in by counsel, and the court may well have desired not only to uphold its own dignity, but to provide a cooling off period for counsel and the parties. The court also undoubtedly had its own views as to the equities of the matter.

We therefore have before us the question whether a trial court has the authority to exercise a reasonable control over proceedings pending in its forum. We believe that the trial court had power to exercise a reasonable control over the deposition proceedings by deferring the taking of complainant's deposition under the circumstances of this case. It is our view that such power is inherent in the trial court and that it may be invoked to insure the orderly administration of justice.

We find few cases concerning the right of the trial court to postpone the taking of depositions and no Ohio cases directly in point. We are impressed with the reasoning and essential wisdom of the decision of the Supreme Court of California, in Hays v. Superior Court, 105 P. 2d. 975 (1940). California has, as one of the provisions of its Code of Civil Procedure, a statute identical in purport with §11526 GC. We refer to Section 2021 of the California Code of Civil Procedure providing as follows:

"The testimony of a witness in this State may be taken by deposition in an action at any time after service of the summons or the appearance of the defendants * * *."

In the case cited, the question was whether this section of the California Code gave a party an absolute right to take the depositions of an adverse party "at any time after the service of the summons or the appearance of the defendants." The trial court had delayed the taking of a certain deposition in the case and on appeal from this decision, the Supreme Court of California was confronted with the question whether the trial court's action constituted an abuse of discretion under the language of the statute.

In its opinion upholding the trial court, the Supreme Court of California declared:

"There is nothing novel in the concept that a trial court has the power to exercise a reasonable control over all proceedings connected with the litigation before it. Such power necessarily exists as one of the inherent powers of the court and such power should be exercised by the courts in order to insure the orderly administration of justice. We find nothing in the code sections relating to the taking of depositions which can be construed as an attempt to withdraw that power with respect to deposition proceedings. It is true that the language of Section 2021 of the Code of Civil Procedure permits the taking of a deposition 'at any time' and that the permissive language of said section may be said to confer a right upon the litigants. But such right is not an absolute right but is a right which, like all rights relating to procedural matters, is qualified by the existence of the powers of the court to exercise a reasonable control over the exercise of such right. To deny the existence of such power is to deny the power of the trial court to order the continuance of a deposition in case of the illness of the witness or in case of the illness or the death of a party or his counsel. We do not believe that it would be seriously contended that the power to order a continuance does not exist under such circumstances; and if the power does exist under such circumstances, it may exist under other circumstances for its existence in the suggested cases must necessarily be based upon the power of the court to exercise a reasonable control over the proceedings. If, in any case, the trial court acts unreasonably or in such manner as to deny the right rather than to exercise merely a reasonable control over the exercise of the right, then the trial court would be acting beyond its powers and its actions would be controlled by mandamus or other appropriate remedy."

Examination of the California cases indicates that the language quoted constitutes the law in California today, although the decision, on other grounds, is questioned by one concurring Judge in the more recent case of Brown v. Superior Court, 212 P. 2d. 882 (1949).

We are content to adopt as ours the language we have quoted in the absence of higher authority in this State.

We might add that in the Nisi Prius case of In re Detention of Helen E. Robinson, 7 N. P. 105 (1900) affirmed 19 C. C. 716 (Caldwell, Marvin & Hale, JJ) a Circuit Court decision of Cuyahoga County, the principle appears to be recognized that a court may intervene to postpone the taking of depositions where abuse of that process is indicated.

The power of a court to protect its own authority, and the rights of those who invoke its orderly processes has seldom been doubted under our theory of government. It is not susceptible of question here.

With reference to the third assignment of error, and in view of the fact that complainant's request was to restrain the taking of her own depositions only, the trial court's order in restraining the taking of any depositions by accused was more inclusive than requested. We are modifying the trial court's order in this one respect, as it pertains to the postponement of the taking of depositions of other witnesses than complainant.

We have examined the other assignments of error and with the one modification noted, we affirm the judgment of the trial court.

Judgment affirmed. Exceptions noted. Order see journal.

SKEEL, PJ, HURD, J, concur.