the docket fee shall be paid before a notice of appeal is filed or a case is docketed,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed, effective October 24, 1996.

**96–2295.  Smith v. Ohio Dept. of Human Serv.**
Clermont App. No. CA96–05–045.  This cause is pending before the court as a discretionary appeal and a claimed appeal of right.

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

IT IS FURTHER ORDERED by the court that the Clerk of this court shall refuse future filings by appellant in connection with Clermont County Court of Appeals case No. CA96–05–045, *James Smith v. Ohio Department of Human Services*, except that appellant may file one notice of appeal to appeal the final decision of the Clermont County Court of Appeals in the case.

**96–2317.  Smith v. Ohio Dept. of Human Serv.**
Clermont App. No. CA96–05–045.  This cause is pending before the court as a discretionary appeal and a claimed appeal of right.

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

IT IS FURTHER ORDERED by the court that the Clerk of this court shall refuse future filings by appellant in connection with Clermont County Court of Appeals case No. CA96–05–045, *James Smith v. Ohio Department of Human Services*, except that appellant may file one notice of appeal to appeal the final decision of the Clermont County Court of Appeals in the case.

**96–2356.  Smith v. Ohio Dept. of Human Serv.**
Clermont App. No. CA96–05–045.  This cause is pending before the court as a discretionary appeal and a claimed appeal of right.

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

IT IS FURTHER ORDERED by the court that the Clerk of this court shall refuse future filings by appellant in connection with Clermont County Court of Appeals case No. CA96–05–045, *James Smith v. Ohio Department of Human Services*, except that appellant may file one notice of appeal to appeal the final decision of the Clermont County Court of Appeals in the case.

*Tuesday, October 29, 1996*

## MOTION DOCKET

**95–42.  State v. Wogenstahl.**
Hamilton App. No. C–930222.  UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning October 12, 1996, and ending April 12, 1997, to allow appellant an opportunity to file a petition for post-conviction relief.  If a petition for post-conviction relief is not filed within the time allotted, this stay will expire.  No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.