SMITH, Appellant,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *Smith v. Ohio Dept. of Human Serv.* (1996), 115 Ohio App.3d 755.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–05–045.

Decided Nov. 25, 1996.

*James Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *Alan P. Schwepe,* Assistant Attorney General, for appellee.

---

*Per Curiam.*

This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the original papers from the Clermont County Court of Common Pleas, the briefs, and the oral argument of counsel for

appellee.[1] Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App.R. 12(A) as follows:

In this case, we are asked to review the propriety of an entry by the Clermont County Common Pleas Court that prohibited plaintiff-appellant, James Smith, from making additional filings in his case against defendant-appellee, the Ohio Department of Human Services.

On November 17, 1993, appellant filed a complaint against appellee to "compel payment of all permissible medical supplemental benefit [sic] qualified for by guidelines." On that same date, appellant filed an administrative appeal seeking to reverse an October 20, 1993 decision by appellee that denied appellant's application for disability assistance benefits. The complaint and administrative appeal were collectively assigned case No. 93CV0900.

On January 28, 1994, a hearing notice was filed and sent to the parties, advising them of a scheduling conference set for March 21, 1994. A similar notice was filed on March 22, advising the parties that the scheduling conference was rescheduled for April 7, 1994. The second notice also advised that failure to appear would result in dismissal of the case. By entry dated April 15, 1994, the common pleas court dismissed case No. 93CV0900 without prejudice for want of prosecution after appellant failed to appear at the two scheduling conferences. The trial court subsequently denied appellant's motion for a new trial.

Appellant timely appealed the trial court's April 15, 1994 dismissal of case No. 93CV0900. The appeal was subsequently dismissed, since the entry appealed from—a dismissal without prejudice—did not constitute a final appealable order within the meaning of R.C. 2505.02. See Smith v. Ohio Dept. of Human Serv. (June 1, 1994), Clermont App. No. CA94–05–035, unreported. No subsequent action was taken regarding this appeal.

Ten months later, on April 7, 1995, appellant filed two motions in the common pleas court under case No. 93CV0900: a motion for relief from judgment under Civ.R. 60(B) and a "harmless error motion" under Civ.R. 61. Before the trial court could rule on these motions, appellant filed two similar motions on April 12, 1995. On June 12, 1995, appellant made an additional filing in case No. 93CV0900 styled as "Withdrawal of Proceding [sic]," which stated the following: "I, James Smith, withdrawl [sic] the proceding [sic] of this case."

---

1. This case was originally set for oral argument on October 22, 1996. Upon receiving notice of the scheduled argument date, appellant requested a continuance on grounds he could not make transportation arrangements for October 22. The court then permitted appellant to select a date and time of his own choosing. At appellant's request, oral argument was rescheduled for 2:00 p.m. on November 13. On November 12, appellant notified the court he could not attend the November 13 argument and requested another continuance. The court denied appellant's request, and appellant did not appear at the November 13 oral argument.

On July 10, 1995, appellant filed a "Notice of Reappeal" in which he appealed his own June 12, 1995 filing in case No. 93CV0900. This court subsequently found this second appeal to be nothing more than another attempt to appeal the trial court's April 15, 1994 dismissal entry. This second appeal was dismissed as being taken from an interlocutory judgment. *Smith v. Ohio Dept. of Human Serv.* (Aug. 19, 1995), Clermont App. No. CA95–08–044, unreported, appeal dismissed (1996), 76 Ohio St.3d 1492, 1493, 670 N.E.2d 240. Over the next seven months, appellant made an additional twenty-nine filings in Appeal No. CA95–08–044, including numerous motions for reconsideration, several of which simply requested nothing more than reconsideration of entries denying previous motions for reconsideration. In eight separate entries, this court denied appellant's motions and repeatedly advised him that he had no case pending at the appellate level. Finally, by entry dated April 10, 1996, this court granted appellee's motion to prohibit appellant from making any additional filings in Appeal No. CA95–07–044.

Even after filing his second appeal in Appeal No. CA95–07–044, appellant continued to file various motions in the trial court under case No. 93CV0900. These included a jury demand, motions for stays and continuances, motions for relief from judgment, motions for new trials, and motions to vacate judgment.

On April 17, 1996, the trial court issued an entry in case No. 93CV0900, which stated the following:

"The Court finds that the litigation in this case has been concluded for some time, and that the Court has ruled on various post-judgment motions filed by the Plaintiff.

"The Court further finds that the Plaintiff has repeatedly filed frivolous motions in this case. All of the motions have been denied; all of them are at best very confusing and at worst incomprehensible.

"The Court further finds that any further filings by the Plaintiff in this case will be frivolous and will result in a waste of time and resources on the part of both the Plaintiff and this Court.

"WHEREFORE, IT IS ORDERED that the Plaintiff is hereby precluded from filing any further motions in this Court with respect to this case, and is notified that the Court will not take any further action regarding future filings.

"IT IS FURTHER ORDERED that the Clerk of this Court shall not accept any further filings in this case by Plaintiff."

The matter is now before us on appellant's timely appeal of the foregoing

entry.[2]

Appellant's *pro se* brief contains neither assignments of error nor issues presented for review. See App.R. 16 and Loc.R. 11. The brief does, however, state that appellant "should not barred [*sic*] by [the] April 17, 1996 order * * *." Despite the unsystematic structure of appellant's brief, it is readily apparent that he is objecting to the trial court's April 17, 1996 order prohibiting him from making any additional filings in case No. 93CV0900. In the interest of judicial economy, we therefore construe appellant's brief as raising an assignment of error in which he claims the trial court erred in barring appellant from making additional filings in case No. 93CV0900.

Among the inherent powers possessed by the courts of common pleas in Ohio is the power to secure the orderly administration of justice and safeguard against conduct which would impair the free exercise of judicial functions. See *Zangerle v. Cuyahoga Cty. Court of Common Pleas* (1943), 141 Ohio St. 70, 25 O.O. 199, 46 N.E.2d 865. Thus, a court has the inherent power to do all things necessary to ensure the administration of justice and to protect its own powers and processes. *State ex rel. Pfeiffer v. Lorain Cty. Court of Common Pleas* (1968), 13 Ohio St.2d 133, 42 O.O.2d 362, 235 N.E.2d 232.

Several Ohio courts of appeals have held that these inherent powers include the ability to limit a particular litigant's access to the courts or to prevent further or additional filings in a specific case. See *White v. Internatl. Union, Plant Guard Workers Local 16* (June 22, 1994), Montgomery App. No. 14332, unreported, 1994 WL 286287; *Eubank v. Doneghy* (June 9, 1989), Lucas App. No. L–88–193, unreported, 1989 WL 61725. The exercise of this inherent power is discretionary, and a decision of a common pleas court involving the use of its inherent powers is reviewable for a determination of an abuse of discretion. *Id.*

The term "abuse of discretion" connotes more than an error of law or judgment. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, 1256–1257. It implies that the lower court's decision was unreasonable, arbitrary, or unconscionable. *Id.* When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Id.* at 732, 654 N.E.2d at 1257–1258. The party claiming an abuse of discretion has the burden of demonstrating that the trial court abused its

---

2. Appellant has filed eleven separate appeals with the Ohio Supreme Court, all of which involve rulings made by this court during the pendency of Appeal No. CA96–05–045. The Ohio Supreme Court dismissed appellant's appeals and ordered the Supreme Court Clerk to refuse future filings by appellant in connection with this case, except for one notice of appeal to appeal this court's final decision. See *Smith v. Ohio Dept. of Human Serv.* (1996), 77 Ohio St.3d 1421, 1433, 670 N.E.2d 1007, 671 N.E.2d 264, 265.

discretion. See *Shaffer v. W. Farmington* (1992), 82 Ohio App.3d 579, 583, 612 N.E.2d 1247, 1249–1250.

■ In the case at bar, the trial court dismissed appellant's action without prejudice for want of prosecution. Appellant never attempted to refile his action in common pleas court. Rather, for the next two and one-half years, appellant unremittingly filed numerous post-judgment motions at the trial-court level and multiple appeals, all of which were designed to reverse the trial court's dismissal of his cause of action. Finally, faced with these repetitious motions and filings, the trial court issued its order directing the clerk of courts not to accept any further filings in case No. 93CV0900. Similar actions by other trial courts have been upheld on appeal. See *White v. Internatl. Union; Eubank v. Doneghy.*

■ The trial court's order restricts appellant's access to the trial court in a narrow fashion in that it applies only to case No. 93CV0900. See *White v. International Union.* Where a trial court fashions narrowly tailored restrictions to prevent frivolous filings by *pro se* litigants, such restrictions do not impermissibly restrict access to the courts and do not constitute an abuse of discretion. *Id.* Accordingly, we conclude that the trial court did not abuse its discretion by ordering the clerk not to accept additional filings from appellant in case No. 93CV0900. Thus, appellant's assignment of error is without merit and is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

WALSH, P.J., WILLIAM W. YOUNG and POWELL, JJ., concur.