[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 71.]

THE STATE EX REL. FORSYTH, APPELLANT, *v.* BRIGNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Forsyth v. Brigner*, 1999-Ohio-83.]

*Mandamus—Court of appeals' dismissal of complaint upheld, when.*

(No. 99-165—Submitted May 4, 1999—Decided July 7, 1999.)

APPEAL from the Court of Appeals for Montgomery County, No. 17467.

_____

{¶ 1} In September 1995, the Montgomery County Court of Common Pleas, Domestic Relations Division, issued a divorce decree ending the marriage of appellant M. Wayne Forsyth ("Forsyth") and Pauline Hall Forsyth. On appeal, ultimately, the judgment of the trial court was reinstated. *Forsyth v. Forsyth* (June 14, 1996), Montgomery App. No. 15487, unreported, 1996 WL 325507. Forsyth subsequently filed numerous actions that have been found to be meritless. See, *e.g., State ex rel. Forsyth v. Brigner* (1998), 82 Ohio St.3d 1429, 694 N.E.2d 979; *State ex rel. Forsyth v. Montgomery Cty. Court of Common Pleas* (1998), 81 Ohio St.3d 1412, 688 N.E.2d 1041; *State ex rel. Forsyth v. Brigner* (1997), 80 Ohio St.3d 1463, 687 N.E.2d 294; *State ex rel. Forsyth v. Brigner* (1997), 77 Ohio St.3d 1512, 674 N.E.2d 368; *Forsyth v. Supreme Court of Ohio* (Aug. 25, 1998), Franklin App. No. 98AP-59, unreported, 1998 WL 542700; *Forsyth v. Hall* (Mar. 14, 1997), Montgomery App. No. 16024, unreported, 1997 WL 165432.

{¶ 2} In October 1998, Forsyth filed a complaint in the Court of Appeals for Montgomery County for a writ of mandamus to prohibit appellee, Domestic Relations Division Judge V. Michael Brigner, from denying Forsyth the right to file pleadings with the clerk of the trial court without Judge Brigner's prior approval, and to compel Judge Brigner to hold an evidentiary hearing on Forsyth's October 1998 motion to vacate the September 1995 divorce decree. The court of appeals

granted Judge Brigner's Civ.R. 12(B)(6) motion and dismissed Forsyth's complaint.

**{¶ 3}** This cause is now before the court upon an appeal as of right.

_____

*M. Wayne Forsyth, pro se.*

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *John F. Krumholtz*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

**{¶ 4}** In his propositions of law, Forsyth asserts that the court of appeals erred in dismissing his mandamus action. For the following reasons, Forsyth's contentions lack merit.

**{¶ 5}** First, Forsyth's claim for a writ of mandamus to prohibit Judge Brigner from enforcing his order is, in fact, a request for a prohibitory injunction, which the court of appeals lacked jurisdiction to grant. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426-427, 687 N.E.2d 283, 284.

**{¶ 6}** Second, Judge Brigner acted within his discretion in limiting Forsyth's access to the domestic relations court, given Forsyth's myriad of meritless filings. See *Smith v. Ohio Dept. of Human Serv.* (1996), 115 Ohio App.3d 755, 759, 686 N.E.2d 320, 323, discretionary appeal not allowed (1997), 78 Ohio St.3d 1439, 676 N.E.2d 1186.

**{¶ 7}** Finally, any error by Judge Brigner in issuing the order or failing to conduct an evidentiary hearing on Forsyth's 1998 motion to vacate his 1995 divorce decree can be adequately resolved by appeal. See, *e.g., State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656-657, 646 N.E.2d 1110, 1112-1113 (trial court retains jurisdiction to grant relief from judgment and extraordinary writ will not issue because error in ruling on motion may be adequately raised on appeal); *Smith* (issue of propriety of order preventing further filings raised in appeal).

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____