JOURNAL ENTRY AND OPINION
This is a consolidated appeal from an order of Cleveland Municipal Judge Robert J. Triozzi that granted attachment and garnishment of appellant Aubrey Willacy's bank accounts and from an order off Visiting Juvenile Court Judge Burke E. Smith that, inter alia, specifically noted that prior orders concerning support payments remained in force. The attachment and garnishment concern a judgment for past child support, but Willacy contends that his property could not be attached because the judgment is not a valid final order. Although we dismiss the juvenile court judgment because it is not a final order, we affirm the municipal judge's ruling, which disposes of the issues raised in both appeals. Moreover, we grant appellee Chisara Nwabara's motion for sanctions against Willacy.
The lengthy history of this litigation and more details of the relationship between the parties are contained in prior decisions of this court and of the Ohio Supreme Court.[1] For our purposes, the relevant facts can be stated as follows: Nwabara gave birth to a child in 1990, and in January 1993 a juvenile court jury determined that Willacy was the father and the judge made temporary child support and custody orders. He twice appealed the verdict and temporary orders and, on each occasion, this court dismissed the appeal because it was not a final order pursuant to R.C. 2505.02.[2]
On remand, Judge Smith entered an October 26, 1995 order that awarded Nwabara, inter alia, $34,003 as past child support, and Willacy's subsequent appeal of that order was again dismissed for lack of a final appealable order because the judge failed to make a custody determination or award ongoing child support.[3] On October 30, 1996, Nwabara filed this order in the Cleveland Municipal Court and began an attachment and garnishment proceeding under R.C. Chapter 2715, but this court found that the attachment proceedings should not have gone forward on the basis of a non-final order, and reversed the order of attachment that was based on the October 26, 1995 order.[4]
The underlying paternity case reached a final judgment on February 13, 1998, and Willacy appealed that judgment, assigning error to nine separate orders, including the October 26, 1995 order for past child support. This court reached the merits of that appeal and affirmed the judgment, as well as affirming the October 26, 1995 order.[5]
On January 27, 2000, Nwabara again filed an attachment and garnishment action in Cleveland Municipal Court, and again filed the October 26, 1995 order as the judgment she wished to enforce. Willacy opposed the attachment, and argued that the October 26, 1995 order could not be enforced because it was not a final judgment and that the judgment in Cuyahoga App. No. 69786 had preclusive effect. He contended that, because this court determined that the prior attachment and garnishment could not go forward on the non-final past child support award, that judgment had the effect of vacating the award.
On January 19, 2001, Magistrate Gregory F. Clifford's amended decision, with findings of facts and conclusions of law, denied Willacy's motion to discharge the attachment or vacate the transferred judgment and found, essentially, that the October 26, 1995 order had been finalized by this court's decision and judgment in Cuyahoga App. No. 74139. Cleveland Municipal Judge Ronald B. Adrine adopted the magistrate's decision on January 30, 2001, and Willacy filed objections on February 1, 2001. On March 7, 2001, Judge Triozzi denied the objections and ordered that the January 30, 2001 judgment "remain in full force and effect."
While Nwabara's garnishment action was pending in the municipal court, she moved "[t]o Clarify the Order of Back Support," in the ongoing paternity and support action in juvenile court, through which she requested, in essence, that Judge Robert J. Corts' February 13, 1998 order effectively finalized Judge Smith's October 26, 1995 order awarding back child support. Willacy's objection to this motion was not ruled upon until the parties had already proceeded to other disputes, particularly cross motions to modify the amount of ongoing child support. On April 26, 2001, Judge Smith entered an order that stated, in part:
 [T]he court finds that the plaintiff * * * and the defendant * * * have not reached an agreement as to the motions to modify child support presently pending before this court. As such, the parties shall file proposed findings of fact and conclusions of law, as to whether a ten percent (10%) difference exists as to the current child support order in effect and the current child support guidelines as calculated by the parties. * * *.
* * *
 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the parties shall file proposed findings of fact and conclusions of law pertaining to the motions to modify child support currently pending before the court by June 1, 2001.
* * *
 IT IS FURTHER ORDERED ADJUDGED AND DECREED that any prior judgment of his [sic] court, not specifically modified or heretofore vacated, remains in full force and effect, including this court's past care judgment awarded to plaintiff, Chisara Nwabara on October 26, 1995, together with statutory interest of ten percent (10%) per annum accruing since thereon. * * *.
We consolidated Willacy's appeals from the two rulings, but ordered separate briefing, and he asserts seven assignments of error with respect to the municipal judge's ruling and eight assignments to the juvenile judge's ruling. The eight assignments concerning the juvenile ruling state:
 I. THE TRIAL COURT (HON. BURKE E. SMITH) COMMITTED ERROR PREJUDICIAL TO APPELLANT BY ENTERING ITS ORDER JOURNALIZED APRIL 26, 2001, WHICH VACATED AND SET ASIDE THE PRIOR FINAL JUDGMENT IN APPELLANT'S FAVOR ENTERED BY THAT COURT (HON. ROBERT CORTS) ON FEBRUARY 13, 1998, WHICH PRIOR JUDGMENT OMITTED THE MONETARY AWARDS THE TRIAL COURT (HON. BURKE E. SMITH) HAD PREVIOUSLY SET FORTH IN ITS INTERLOCUTORY ORDER OF OCTOBER 26, 1995, BECAUSE THE TRIAL COURT LACKED JURISDICTION TO SET ASIDE SUCH FEBRUARY 13, 1998 JUDGMENT IN APPELLANT'S FAVOR AFTER SAME HAD BEEN AFFIRMED BY THIS COURT OF APPEALS; JURISDICTION TO DO SO BEING NON-EXISTENT UNDER SECTIONS 3 AND 4, ARTICLE IV, OF THE OHIO CONSTITUTION AND EXPRESSLY PRECLUDED BY LAW SET FORTH IN STATE EX REL SPECIAL PROSECUTORS V. JUDGES, COURT OF COMMON PLEAS (1978), 55 OHIO ST.2d 88, 97-98, THAT IN THE ABSENCE OF A REMAND A TRIAL COURT HAS NO "POWER TO VACATE A JUDGMENT WHICH HAS BEEN AFFIRMED BY THE APPELLATE COURT". (EMPHASIS SIC.)
 II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY ENTERING ITS ORDER JOURNALIZED APRIL 26, 2001, WHICH VACATED AND SET ASIDE THE PRIOR FINAL JUDGMENT IN APPELLANT'S FAVOR ENTERED BY THE CLEVELAND MUNICIPAL COURT ON OCTOBER 20, 1998, WHICH PRIOR JUDGMENT VACATED
THE MONETARY AWARDS THE TRIAL COURT HAD PREVIOUSLY SET FORTH IN ITS INTERLOCUTORY ORDER OF OCTOBER 26, 1995, BECAUSE THE TRIAL COURT LACKED JURISDICTION TO SET ASIDE SUCH OCTOBER 20, 1998 JUDGMENT IN APPELLANT'S FAVOR; JURISDICTION TO DO SO BEING NON-EXISTENT UNDER SECTION 4, ARTICLE IV, OF THE OHIO CONSTITUTION. (EMPHASIS SIC.)
 III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT IN ITS ORDER JOURNALIZED APRIL 26, 2001, BY IGNORING THE DETERMINATIONS PREVIOUSLY MADE BY THIS COURT OF APPEALS IN CASE NOS. 69786 AND 71122, BETWEEN THE SAME PARTIES, THAT ITS OCTOBER 26, 1995 JOURNAL ENTRY WAS NOT A FINAL, APPEALABLE JUDGMENT, BUT WAS MERELY AN "INTERLOCUTORY ORDER", WHICH THEREFORE WAS SUBJECT TO REVISION AND ELIMINATION BY MERGER IN THE FINAL JUDGMENT AS SPECIFIED IN COLOM V. COLOM (1979), 58 OHIO ST.2d 245; WHICH ELIMINATION THROUGH MERGER IN THE FINAL JUDGMENT IN FACT OCCURRED ON FEBRUARY 13, 1998.
 IV. THE TRIAL COURT VIOLATED SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION AND ABUSED ITS DISCRETION BY ENTERING AN ORDER SETTING ASIDE THAT PART OF THE FINAL JUDGMENT OF FEBRUARY 13, 1998, WHICH WAS IN DEFENDANT'S FAVOR DUE TO THE RULE IN COLOM V. COLOM, SUPRA, AT A POINT IN TIME WHEN OTHER ISSUES OF GREAT IMPORTANCE TO THE PARTIES REMAINED PENDING AND UNDETERMINED; THEREBY FORCING DEFENDANT TO APPEAL THEREFROM BEFORE SUCH OTHER ISSUES COULD BE DETERMINED IN ORDER TO AVOID THE BAR OF RES JUDICATA WITH RESPECT TO THE ORDER SETTING ASIDE THE PRIOR JUDGMENT IN HIS FAVOR, AND THEREBY CAUSE AN UNINTENDED DELAY IN THE DETERMINATION OF SUCH OTHER ISSUES. (EMPHASIS SIC..)
 V. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT-APPELLANT BY SETTING ASIDE A FINAL JUDGMENT WHICH, DUE TO THE RULE IN COLOM V. COLOM, SUPRA, WAS IN APPELLANT'S FAVOR, WHERE NO MOTION MADE PURSUANT TO CIV.R. 60(B) REQUESTING SAME WAS EVER FILED AND WHERE NO EVIDENCE SUFFICIENT TO SATISFY THE REQUIREMENTS FOR GRANTING RELIEF UNDER CIV.R. 60(B) WAS SUBMITTED.
 VI. ASSUMING, ARGUENDO, THAT THE JUVENILE COURT HAD JURISDICTION TO ENTERTAIN APPELLEE'S MULTIPLE
COLLATERAL ATTACKS UPON THE JUVENILE COURT'S FEBRUARY 13, 1998 JUDGMENT ON THE MERITS, THE JUVENILE COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT AND GROSSLY ABUSED ITS DECISIONAL DISCRETION BY DRAWING, AND PREMISING ITS JUDGMENT UPON, INFERENCES NOT WARRANTED BY THE EVIDENCE OF RECORD. (EMPHASIS SIC.)
 VII. THE TRIAL JUDGE ERRED AND ABUSED HIS DISCRETION TO APPELLANT'S PREJUDICE BY NOT RECUSING HIMSELF, WHERE BOTH HIS PRE-JUDGMENT REGARDING THE COLOM ISSUE BROUGHT TO HIM FOR AN IMPARTIAL ADJUDICATIVE DETERMINATION AND HIS PERSONAL BIAS AGAINST APPELLANT WERE CLEAR AND OBVIOUS UPON THE RECORD.
 VIII. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY DISREGARDING THE PERSONAL ASSIGNMENT SYSTEM MANDATED IN SUP.R. 36.
We need not address any of the assignments raised in this appeal (No. 79717), because the order appealed from is not final. As noted above, Judge Smith specifically ordered the parties to submit competing findings of fact and conclusions of law for consideration in resolving their competing motions to modify child support. Because the order obviously contemplates further action, it is not final under R.C. 2505.02,[6] and the judge did not certify any part of the order as final under Civ.R. 54(B).
Although the appeal in Case No. 79717 is dismissed, the issue in contention is also raised in Case No. 79416, the appeal from the municipal court proceedings, and our resolution of that issue should guide any future litigation in the juvenile matter. Before addressing the merits, however, we must also resolve an issue concerning whether the municipal court judgment is a final, appealable order. The judgment of January 30, 2001, which adopted the magistrate's decision, consists of a copy of the magistrate's decision upon which the words "Judgment Entry" have been stamped in the caption, and the words "Magistrate's Report is Hereby Approved and Confirmed" have been stamped between the caption and the first paragraph of the duplicated magistrate's decision.
Ordinarily, such a document would not satisfy final order requirements, because Civ.R. 53 does not allow judges to enter summary adoptions of magistrate's decisions, but must instead enter a separate, independent judgment.[7] The Ohio Supreme Court, however, recently clarified these rules in Miele v. Ribovich,[8] finding that Civ.R. 53, as amended, applied to magistrate's decisions in forcible entry and detainer actions only to the extent that it was consistent with prior decisions excepting such actions from rigid "findings" and "independent analysis" requirements previously imposed, so that judges could continue to summarily approve decisions in those matters.[9]
We need not decide whether Miele dispenses with the requirement of a separate, independent judgment in all cases, because we find its rationale concerning forcible entry and detainer actions is also applicable to the attachment proceeding here — both are intended to be summary proceedings prosecuted efficiently and expeditiously. In most such cases, there will be few issues to dispute, and thus the necessity of strict judicial supervision is lessened. Even in the contentious atmosphere of this case, the ultimate issue is simply whether the transferred judgment is an enforceable final order, and the magistrate's decision adequately states the resolution of that issue and the reasons in support. Therefore, pursuant to Miele, we find that the order here is final and appealable.
Willacy's first six assignments with respect to the municipal court ruling can be resolved together, and state as follows:
 I. THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY OVERRULING THAT PART OF HIS MOTION TO DISCHARGE ATTACHMENT WHICH WAS PREMISED UPON THE DOCTRINE OF RES JUDICATA ARISING OUT OF ITS OWN UNAPPEALED, FINAL JUDGMENT OF OCTOBER 20, 1998, IN CASE NO. 95-CVH-21800.
 II. THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY OVERRULING THAT PART OF HIS MOTION TO DISCHARGE ATTACHMENT WHICH WAS PREMISED UPON THE DOCTRINE OF RES JUDICATA ARISING OUT OF THIS COURT'S PRIOR DECISIONS IN CUYA. APP. NOS. 69786 AND 71122, WHICH DECISIONS ALSO CONSTITUTED THE LAW OF THE CASE.
 III. THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT AND GROSSLY ABUSED ITS DECISION DISCRETION BY OVERRULING APPELLANT'S MOTION TO VACATE THE TRANSFERRED "JUDGMENT", WHERE THE SAME TRANSFERRED "JUDGMENT" HAD THERETOFORE BEEN VACATED BY THE MUNICIPAL COURT ITSELF IN ITS FINAL, UNAPPEALED JUDGMENT OF OCTOBER 20, 1998.
 IV. THE MUNICIPAL COURT ERRED TO APPELLANT'S PREJUDICE BY GRANTING APPELLEE'S PRAYER FOR ENFORCEMENT OF A NON-FINAL "JUDGMENT."
 V. ASSUMING, ARGUENDO, THAT THE JUVENILE COURT HAD JURISDICTION TO ENTERTAIN APPELLEE'S INSTANT, FIFTH COLLATERAL ATTACK UPON THE JUVENILE COURT'S FEBRUARY 13, 1998 JUDGMENT ON ITS MERITS, THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT AND GROSSLY ABUSED ITS DECISIONAL DISCRETION BY FAILING TO ADDRESS THE DISPOSITIVE ISSUES OF WAIVER AND RES JUDICATA PRESENTED BY APPELLANT IN SUPPORT OF HIS DEFENSE AGAINST APPELLEE'S CLAIM. (EMPHASIS SIC.)
 VI. ASSUMING, ARGUENDO, THAT THE JUVENILE COURT HAD JURISDICTION TO ENTERTAIN APPELLEE'S INSTANT, FIFTH COLLATERAL ATTACK UPON THE JUVENILE COURT'S FEBRUARY 13, 1998 JUDGMENT ON ITS MERITS, THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT AND GROSSLY ABUSED ITS DECISIONAL DISCRETION BY FAILING TO ADDRESS THE DISPOSITIVE ISSUES OF WAIVER AND RES JUDICATA PRESENTED BY APPELLANT IN SUPPORT OF HIS DEFENSE AGAINST APPELLEE'S CLAIM. (EMPHASIS SIC.)
Willacy essentially argues that a number of rulings effectively bar enforcement of the October 26, 1995 award for past care, and that some rulings effectively vacated that award. However, under the law of the case and despite his protestations, the October 26, 1995 judgment became final when this court addressed and affirmed the February 13, 1998 judgment on the merits of Willacy's appeal therefrom.[10] In that case he expressly designated nine orders from which he was appealing, one of which was the October 26, 1995 order, and this court addressed his assignment of error on the merits, finding that the amounts awarded were reasonable, and affirmed the judgment on terms showing that the court considered the October 26, 1995 order to be part of the final judgment.[11]
The doctrine of law of the case states that an appellate decision must be given effect in later proceedings.[12] For our purposes, this means that the "mandate"[13] of this court's decision in Cuyahoga App. No. 74139 must be followed, and that mandate is that the February 13, 1998 decision had the effect of finalizing the October 26, 1995 decision. Willacy's first and second assignments of error claim that the decisions in Cuyahoga App. Nos. 69786 and 71122, and the municipal judge's subsequent dismissal of the initial attachment proceeding based on Cuyahoga App. No. 71122, all should have preclusive effect or act as law of the case here. All of those rulings, however, preceded this court's decision in Cuyahoga App. No. 74139, and we follow the mandate of the later decision here, which changed the factual setting by finalizing the order of October 26, 1995.
Moreover, although Willacy claims that Colom v. Colom[14] precludes enforcement of the October 26, 1995 order because it was not specifically retained in the February 13, 1998 judgment appealed in Cuyahoga App. No. 74139, or memorialized as a separate final judgment, his appeal and this court's decision effectively translated the October 26, 1995 order into a separate, enforceable judgment, cognizable under Colom.[15]
Furthermore, it is not entirely clear that Colom applies here, because the order here concerned an award of past support rather than an award of temporary alimony, which was at issue in Colom. We reiterate, however, that whether Colom countenances this outcome is not our decision to make; it is now the law of the case.
Willacy also contends that our decision approving the October 26, 1995 award in Cuyahoga App. No. 74139 was mere dicta, and simply an opinion approving the judge's decision without passing on its enforceability. This argument fails, because we will not assume that a panel of this court took it upon itself to decide the validity of an order that it did not consider enforceable. When Willacy specifically designated the October 26, 1995 order in his appeal of Cuyahoga App. No. 74139, he lit the fuse of his own petard, by which he is now hoisted.
Willacy also asserts that the municipal judge's ruling dismissing Nwabara's initial attachment proceeding "vacated" the juvenile judge's order of October 26, 1995. While our previous discussion disposes of hisres judicata and law of the case arguments, we also note that the municipal judge in the attachment proceeding had no authority to "vacate" the juvenile judge's order made in a separate case. The fact that the initial attachment proceeding failed because the order was not yet final does not preclude Nwabara from proceeding after this court issued an opinion finalizing that order.
Pursuant to this court's prior decision in Cuyahoga App. No. 74139 andColom, we find that the October 26, 1995 order is an enforceable separate judgment. The first six assignments of error are overruled.
Willacy's seventh assignment states:
 VII. THE MUNICIPAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY FAILING TO COMPLY WITH THE PERSONAL ASSIGNMENT SYSTEM MANDATED BY SUPERINTENDENCE RULE 36.
Willacy claims that Sup.R. 36 requires that attachment and garnishment proceedings be assigned to individual judges, rather than assigned to court sessions, as set forth in Rule 2.02 of the Cleveland Municipal Court Rules of Practice. Under the municipal court practice, the proceedings were not assigned to an individual judge, but were handled by the judge assigned to the session at the time particular issues arose. Under this system, Judge Adrine adopted the magistrate's decision, Judge Triozzi overruled Willacy's objections, and a third judge denied his motion for a new trial. At least two other judges presided in preliminary matters, prior to Judge Adrine's ruling on the magistrate's decision.
We need not decide whether Sup.R. 36 requires individual assignment in Chapter 2715 proceedings, because the record shows that, as early as May 26, 2000, Willacy had notice that the case was not being handled by an individual judge. Moreover, even though Judge Adrine apparently did not participate in any proceeding prior to adopting the magistrate's decision, Willacy did not raise the issue when he filed his objections to that ruling. Willacy did not object to the lack of individual assignment until his motion for new trial, filed March 13, 2001, the denial of which he has not appealed. Even if he had appealed the ruling on this issue, we would find that he waived any error by failing to object when it became apparent that his case was not being handled by a single judge. Such errors can be waived, the party can consent to the judge's jurisdiction, and we will not allow Willacy to object at this late date, only after he has suffered an unfavorable outcome.[16]
The seventh assignment of error is overruled.
Nwabara's Motion for Sanctions (No. 32128).
During the pendency of this appeal, Nwabara moved this court for sanctions against Willacy, arguing that this appeal is but the latest sortie in his history of attempts to avoid his past care obligation through "sham" proceedings. We agree, not only because of his conduct of this appeal, but previous decisions throughout this continuing litigation have cited similar behavior.[17] Willacy's contentions here, as in prior appeals, do not appear to be directed at obtaining a just result, but at avoiding the duty to satisfy his child support obligation.
Certainly the proceedings here have not been marked by efficiency, yet much of the difficulty and confusion can be traced directly to Willacy himself. He has repeatedly appealed non-final orders and attempted, through fun house-mirror logic, to cast himself as the prevailing party in a case where he has been consistently defeated and ordered to pay his child support obligation at every turn. As the resulting tsumani of the record in this case expands, he finds ever more grist for his bizarre legal objections to a very simple equitable proposition; having fathered a child, he is responsible for contributing to its support, and that support obligation began at the child's birth.
Willacy's arguments and assignments of error betray his attitude and intentions; for example, in the fourth assignment of error in Case No. 79717, he faults Judge Smith for somehow forcing him to file an appeal with this court, even though he apparently was aware that we would have no jurisdiction to resolve it. Nevertheless, instead of requesting certification under Civ.R. 54(B) to allow an appeal, he filed an appeal under circumstances that suggest he knew it would be dismissed for lack of a final appealable order, and that would afford him further delay. As noted, judges who have reviewed this case in the past have noted the same dilatory behavior. Such conduct will not be tolerated, and becomes even more offensive when the litigant, an attorney, attempts to blame a judge for inducing his behavior.
As noted, despite the fact that he is the appellant here, Willacy continually refers to Nwabara's municipal court attachment proceeding as a "collateral attack" upon the February 13, 1998 judgment, apparently one of the few orders he finds relevant or applicable throughout ten years of protracted litigation. As Nwabara points out, if the February 13, 1998 judgment is the only enforceable order entered by the juvenile judge, then there is no enforceable judgment finding that Willacy is the father of her child, a determination that even Willacy, apparently, no longer disputes.
Willacy's appeal, and this court's decision in Cuyahoga App. No. 74139, each recognize that the February 13, 1998 judgment entry did not include every enforceable final determination previously entered in that case. His appeal of nine separate orders and current argument indicated his understanding and acceptance of that fact, and his current argument that this court's decision on those orders was unnecessary because they were not part of the final judgment is more than disingenuous.
Because we find that Willacy deliberately filed an appeal from a non-final order in Case No. 79717, and because we find his appeal in Case No. 79416 was prosecuted for purposes of harassment or delay, we grant Nwabara's motion for sanctions. App.R. 23 authorizes the imposition of reasonable costs of the appellee and attorney fees and costs against an appellant for filing a frivolous appeal. In addition, this court has inherent authority to impose other appropriate sanctions where necessary to protect the integrity of the court.[18] Nwabara concedes that, as an attorney and representing herself and her son, pro se, she has paid no attorney fees although she could presumably make a case for an award of fees based on expenses and lost opportunities for time spent pursuing this litigation. If we were to award attorney fees, however, we would cause further delay in this case by necessitating a hearing to determine the appropriate amount[19] and provide Willacy with yet another opportunity for obfuscation and delay.
Fed.R.Civ.P. 11, however, contemplates monetary sanctions including fines related to the delay and waste of judicial resources caused by frivolous actions.[20] Such fines are particularly appropriate where a litigant has been cited previously for frivolous behavior, and has continued in similar fashion.[21] Pursuant to our inherent authority, we find it appropriate to impose a fine of $3,000, approximating 5% of the amount of the judgment accrued as of the date Willacy filed his appeal, and therefore approximately equivalent to an additional six months post-judgment interest.
Although such fines are usually paid into court because they serve a deterrent rather than a compensatory function, the federal rule's drafters noted that, where appropriate to deter the frivolous conduct, any monetary sanction could be ordered paid to the opposing party.[22]
In this case Willacy, who has displayed contempt and disdain for his parental obligation, will hesitate and evaluate his future conduct by being required to remit payment directly to Nwabara and his son more so than if forced to pay the fine into court. Therefore, we order the sanction of $3,000 paid to Nwabara.
The judgment in Case No. 79416 is affirmed; the judgment in Case No. 79717 is dismissed; Motion No. 32128 for Sanctions is granted.
It is ordered that the appellees recover from appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCUR; MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENTONLY.
[1] Nwabara v. Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported, as corrected (May 26, 1994), Cuyahoga App. No. 65450, unreported; Nwabara v. Willacy (June 13, 1996), Cuyahoga App. No. 69786, unreported; Nwabara v. Willacy (Apr. 17, 1997), Cuyahoga App. No. 71122, unreported; Nwabara v. Willacy (July 29, 1999), Cuyahoga App. No. 74139,135 Ohio App.3d 120, 733 N.E.2d 267; State ex rel. Willacy v. Smith (June 20, 1996), Cuyahoga App. No. 69723, unreported, affirmed (1997),78 Ohio St.3d 47, 676 N.E.2d 109. Cuyahoga App. Nos. 65450, 69786, and 74139 all arise from the paternity action in juvenile court, Case No. 9270452; Cuyahoga App. No. 71122 arose from a municipal court attachment proceeding, Case No. 95-CVH-21800; and Cuyahoga App. No. 69723 was an original action requesting an extraordinary writ.
[2] See Nwabara, Cuyahoga App. No. 65450 (dismissing appeal for lack of final order, and referring to prior appeal (Cuyahoga App. No. 65175) dismissed for same reason).
[3] Nwabara, Cuyahoga App. No. 69786.
[4] Nwabara, Cuyahoga App. No. 71122.
[5] Nwabara, Cuyahoga App. No. 74139, 135 Ohio App.3d at 139-140,733 N.E.2d at 280-281.
[6] Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 534,706 N.E.2d 825, 831.
[7] Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported, citing, inter alia, Kubicek v. Kubicek (Oct. 29, 1993), Cuyahoga App. No. 63521, unreported; cf. Harrison v. Harrison (July 26, 2001), Franklin App. No. 01 AP-93, unreported.
[8] (2000), 90 Ohio St.3d 439, 739 N.E.2d 333.
[9] Id. at 443-444, 739 N.E.2d at 337-338.
[10] Cuyahoga App. No. 74139, 135 Ohio App.3d 120, 733 N.E.2d 267.
[11] Id. at 139-140, 733 N.E.2d at 280-281.
[12] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus.
[13] Id.
[14] (1979), 58 Ohio St.2d 245, 12 O.O.3d 242, 389 N.E.2d 856.
[15] Id., at syllabus.
[16] See, e.g., Myers v. Garson (1993), 66 Ohio St.3d 610, 614,614 N.E.2d 742, 745 (objection after adverse decision constituted waiver where opportunity existed earlier).
[17] Nwabara, 135 Ohio App.3d at 139, 733 N.E.2d at 280-281.
[18] Chambers v. NASCO, Inc. (1991), 501 U.S. 32, 50, 111 S.Ct. 2123,2135-2136, 115 L.Ed.2d 27, 48-49; Smith v. Dept. of Human Servs. (1996),115 Ohio App.3d 755, 759, 686 N.E.2d 320, 323.
[19] See, e.g., Cooter Gell v. Hartmarx Corp. (1990), 496 U.S. 384,406-407, 110 S.Ct. 2447, 2461-2462, 110 L.Ed.2d 359, 382-383 (award of attorney fees should include only fees reasonably incurred in combating frivolous action).
[20] Serritella v. Markum (C.A.7, 1997), 119 F.3d 506, 512-513, certiorari denied (1997), 522 U.S. 999, 118 S.Ct. 566,139 L.Ed.2d 406.
[21] Id.
[22] Fed.R.Civ.P. 11, advisory committee note (under unusual circumstances, * * * deterrence may be ineffective unless the sanction * * * also directs that * * * payment be made to those injured by the violation.).