OPINION
{¶ 1} Plaintiff-appellant, Joyce A. Loomis, appeals the judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, dismissing pending Motions to Show Cause sua sponte and enjoining her and defendant-appellee, Charles Barger, from filing any further Motions to Show Cause until the parties participated in *Page 2 
court-sponsored mediation. For the following reasons, we affirm in part and reverse in part the decision of the court below and remand for further proceedings.
 {¶ 2} On May 24, 2001, Loomis filed a Complaint for Custody, Support, and Visitation or Shared Parenting against Barger, alleging that he is the father of her child, Brooklyn Ann Barger. Paternity was subsequently established by affidavit and genetic testing. Loomis was granted custody of Brooklyn Ann. Barger was ordered to pay child support and granted visitation.
 {¶ 3} On January 25, 2006, Barger filed a Motion to Modify Brooklyn Ann's custody arrangements, asking the court for an Order of Shared Parenting. Barger also filed a Verified Motion for Restraining Order, asking the court to prevent Loomis from claiming Brooklyn Ann as a dependent for tax purposes for the 2005 fiscal year.
 {¶ 4} On March 23, 2006, Loomis filed a Motion to Show Cause and Motion for Attorney Fees and Other Sanctions on the grounds that Barger had failed to provide health insurance for Brooklyn Ann and had failed to notify her of his change in address.
 {¶ 5} On April 17, 2006. the court entered an Order overruling Barger's Motion for Restraining Order as moot.
 {¶ 6} On June 23, 2006, Barger filed a Verified Motion for Order to Show Cause on the grounds that Loomis had denied him visitation.
 {¶ 7} On August 7, 2006, a hearing was held on Loomis' Motion to Show Cause at which the parties resolved the issue. By Magistrate's Order, Loomis' Motion to Show Cause was dismissed.
 {¶ 8} On October 16, 2006, Loomis filed a Motion to Show Cause and Motion for Attorney Fees and Other Sanctions on the grounds that Barger had failed to contribute, as required, to Brooklyn Ann's medical expenses. Loomis filed a second *Page 3 
Motion to Show Cause and Motion for Attorney Fees and Other Sanctions on the grounds that Barger had violated the terms of the visitation order.
 {¶ 9} Also on October 16, 2006, Loomis filed a Motion for Attorney Fees on the grounds that Barger's Motion for Restraining Order and Motion to Show Cause were frivolous.
 {¶ 10} On October 26, 2006, the parties agreed to a modified visitation schedule pending final resolution of the outstanding issues.
 {¶ 11} On January 16, 2007, Barger filed a Verified Motion for Restraining Order, asking the court to prevent Loomis from claiming Brooklyn Ann as a dependent for tax purposes for the 2006 fiscal year. Barger's motion was denied by Court Order on January 19, 2007.
 {¶ 12} Between March and June 2007, proceedings were stayed as the result of Barger filing a Chapter 7 bankruptcy petition.
 {¶ 13} On August 30, 2007, a hearing was scheduled to be held on the pending motions. No hearing was conducted at this time. Rather, Loomis' counsel made a proffer, for the sake of the record on appeal, of the arguments in support of her pending Motions to Show Cause and for Attorney Fees.
 {¶ 14} On the same day, the court issued a Judgment Entry ordering the Standard Order of Visitation to apply between the parties. The court also issued a Judgment Entry Sua Sponte, dismissing all Motions to Show Cause previously filed by both parties and any other motions not previously ruled upon. The court ordered the parties "to contact and participate fully with the Family Court Mediation Department * * * before filing any future motion to show cause."
 {¶ 15} Loomis timely appeals and raises the following assignments of error: *Page 4 
 {¶ 16} "[1.] The trial court abused its discretion in dismissing all pending motions sua sponte without a hearing.
 {¶ 17} "[2.] The trial court's denial of appellant's immediate access to the court violates appellant's constitutional rights."
 {¶ 18} The basis for Loom is' assignments of error is Section 16, Article I of the Ohio Constitution which provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." This provision mandates that "[o]ur courts are to be open to those seeking remedy for injury to person, property, or reputation" and "an opportunity [for such redress] granted at a meaningful time and in a meaningful manner."Hardy v. VerMeulen (1987), 32 Ohio St.3d 45, 46-47.
 {¶ 19} Also relevant is the following from the Fourteenth Amendment to the United States Constitution: "No State shall * * * deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."Armstrong v. Duffy (1951), 90 Ohio App. 233, 250 (construing both constitutional provisions). "The fundamental requirement of due process is the opportunity to be heard." United Tel. Credit Union, Inc. v.Roberts, 115 Ohio St.3d 464, 2007-Ohio-5247, at ¶ 13 (citations omitted).
 {¶ 20} The standard of review generally applied in contempt proceedings and to motions for attorney fees is abuse of discretion.Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16, citing United States v. United Mine Workers of Am. (1947), 330 U.S. 258,303 (contempt proceedings); Rob Scheiderer Assoc. v. London,81 Ohio St.3d 94, 97, 1998-Ohio-453 (attorney fees). *Page 5 
 {¶ 21} With regard to Loomis' first assignment of error, the trial court abused its discretion by dismissing, sua sponte, Loomis' pending motions inasmuch as Loomis was deprived of the opportunity to seek redress for injury and due process, i.e. the opportunity to be heard.Kraft v. Regan, 5th Dist. No. 2003-CA-00074, 2003-Ohio-5632, at ¶¶ 4-5
and 12-17 (the trial judge violated Section 16, Article I of the Ohio Constitution by, sua sponte, dismissing a pending motion and preventing either party from filing "additional litigation" without the consent of the guardian ad litem); Norman J.H. v. Victoria L.W., 6th Dist. No. H-01-028, 2001-Ohio-3092, 2001 Ohio App. LEXIS 5596, at *15-*16 (trial court erred by, sua sponte, dismissing appellant's contempt motion without hearing any evidence).
 {¶ 22} We recognize a court's authority to "dismiss a [claim] sua sponte and without notice when the [claim] is frivolous or the claimant obviously cannot prevail on the facts alleged in the [claim]." State exrel. Brooks v. O'Malley, 117 Ohio St.3d 385, 2008-Ohio-1118, at ¶ 5
(citation omitted). In the present case, however, Loomis' claims are not, on their face, either frivolous or meritless. Loomis is attempting to recoup medical and/or legal expenses for which she alleges Barger is responsible. The trial court provided no explanation for its dismissals. While a court may, in its discretion, stay a ruling on a pending motion to allow for mediation or the negotiated settlement of an issue, the court may not simply dismiss the motion without regard for its merits or the rights of the movant. Loomis is entitled to a hearing on her claims.
 {¶ 23} The first assignment of error has merit.
 {¶ 24} Under the second assignment of error, the situation is different. The trial court's order that both parties participate in Family Court Mediation before filing any future Motions to Show cause does not deprive Loomis of a remedy, access to the *Page 6 
courts, or right to be heard, but rather conditions or limits her recourse to the remedy of contempt.
 {¶ 25} "A court may deny relief to a litigant who refuses to abide by an order of such court in a matter pending before it, by reason of the inherent power of courts to do all things necessary to the administration of justice and to protect its own powers and processes and the rights of those who invoke its processes." State ex rel.Pfeiffer v. Common Pleas Court (1968), 13 Ohio St.2d 133, at paragraph one of the syllabus. "Several Ohio courts of appeals have held that these inherent powers include the ability to limit a particular litigant's access to the court or to prevent further or additional filings in a specific case." Smith v. Ohio Dept. of Human Servs. (1996),115 Ohio App.3d 755, 759 (citation omitted).
 {¶ 26} The exercise of a court's inherent powers is a discretionary matter. Id. (citation omitted).
 {¶ 27} The question before us, then, is whether the trial court has abused its discretion in the exercise of its inherent powers. Resolution of this question is difficult in the absence of information regarding the Family Court Mediation program. It does not appear that Loomis is required to submit her claims to a mediator for resolution, as in the case of compulsory arbitration. The trial court's Judgment Entry merely provides that any future Motion to Show Cause be accompanied with "certification of the scheduling and attendance and cooperation with mediation." As there is no evidence that participation in the mediation process will result in Loomis' future claims being compromised, the trial court's order requiring participation does not constitute an abuse of discretion. *Page 7 
 {¶ 28} Given the importance of Loomis' right of access to the courts, we interpret, as part of the law of this case, the trial court's order as only requiring the parties' participation in mediation with respect to issues currently existing between the parties. Once the mediation is complete, the parties are not required to repeat the mediation process before every subsequent filing in the court. The court's order only restricts the parties' right to make future filings relative to the existing contempt and attorney fee issues. Should new issues of contempt arise, the parties do not need to certify their participation in mediation before filing motions to show cause as to those issues.
 {¶ 29} The second assignment of error is without merit.
 {¶ 30} For the foregoing reasons, the juvenile court's judgment, dismissing, sua sponte, Loomis' two Motions to Show Cause and Motion for Attorney Fees, all filed on October 16, 2006, is reversed. In all other respects, the judgment of the juvenile court is affirmed. The matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1