[Cite as *Whitaker v. Paru Selvam, L.L.C.*, 2017-Ohio-8609.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LLOYD T. WHITAKER, TRUSTEE | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27439 |
| | : | |
| v. | : | Trial Court Case No. 13-CJ-189656 |
| | : | |
| PARU SELVAM, LLC, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |
| and | | |
| | | |
| [ANNAMALAI ANNAMALAI] | | |
| | | |
| [Defendant-Appellant] | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of November, 2017.

. . . . . . . . . . .

RONALD KOZAR, Atty. Reg. No. 0041903, 40 North Main Street, Suite 2830, Dayton, Ohio 45423
        Attorney for Plaintiff-Appellee

STEPHEN LINNEN, Atty. Reg. No. 0071290, 605 North High Street, #612, Columbus, Ohio 43215
        Attorney for Defendants-Appellees

ANNAMALAI ANNAMALAI, P.O. Box 33, FCI-THA, Terre Haute, Indiana 47808
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Annamalai Annamalai appeals pro se from the trial court's decision and entry sustaining in part the plaintiff-appellee's motion to bar further filings.

{¶ 2} In his sole assignment of error, Annamalai contends the trial court abused its discretion by entering "a blanket and sweeping" order prohibiting him from any further filings in this case.

{¶ 3} The present case is docketed as a certificate-of-judgment filing, Montgomery County Case No. 13-CJ-189656, involving a 2013 judgment issued by a federal court in Georgia. The original judgment against Annamalai was in excess of $1.4 million plus interest. The judgment was filed in the trial court below in July 2013, and a certificate of judgment was issued. Thereafter, the proceedings below, and in two related trial court cases, primarily concerned the appointment of a receiver who oversaw the sale of a building in downtown Dayton in which Annamalai had had an interest. Those two cases were 13-CV-3168 which began as a real estate tax foreclosure for the described building, and 13-CV-4016 which was a complaint to set aside or avoid fraudulent transfers of title to the building to other entities. On May 25, 2016 an entry was filed in those other cases being a "Decision, Order and Entry Confirming Receiver's Distribution of Proceeds from Sale of Real Property and Approving Receiver's Report." Although that entry had the CJ case number in its caption, along with each of the CV cases, the entry was not filed in, and is not part of the docketed record in the CJ case. Based on our review of the record, nothing remains to be done in the present case, the property has been sold, the proceeds distributed and the sale and distribution has been confirmed. Nevertheless, in June, July, and August 2016, Annamalai, who currently is a federal-prison inmate, filed twenty-three

pro se motions raising a multitude of patently frivolous issues. The trial court separately addressed and rejected each of these motions in a seventeen-page September 12, 2016 decision. (Doc. # 26).

**{¶ 4}** In August 2016, the plaintiff-appellee moved to bar Annamalai from further filings in this case. Annamalai responded to the motion the following month. (Doc. #27). In a January 9, 2017 decision, the trial court found it necessary to preclude further filings by Annamalai.[1] Noting that he had "filed more than twenty motions, all without merit, within a three-month period," the trial court precluded any additional filings other than a notice of appeal. (Doc. # 31 at 16). Although the trial court declined to declare Annamalai a vexatious litigator under Ohio's vexatious-litigator statute, it cited its "inherent authority" to restrict the access of pro se litigants who repeatedly make frivolous filings in a particular case. (*Id.* at 15, quoting *Hiddens. v. Leibold*, 2d Dist. Montgomery No. 23376, 2010-Ohio-4532, ¶ 18 (citing cases)).

**{¶ 5}** On appeal, Annamalai focuses on the trial court's alleged deprivation of his due process rights by failing to provide him with notice or an opportunity to be heard prior to imposing a filing ban. Although he couches his argument in various terms (citing due process, equal protection, and access to the courts), his claim is that the trial court abused its discretion because it failed to warn him, failed to give him an opportunity to be heard, failed to charge him with making frivolous or bad-faith filings, and failed to make any such

---

[1] It appears that the motion to preclude further filings by Annamalai was made in each of the three related cases. In its decision below, the trial court noted that the motion did not appear in the docket in this case "[a]lthough the caption of the Trustee's motion contains this case number[.]" (Doc. #31 at fn. 2). Regardless, as set forth above, Annamalai responded to the motion, and the trial court ultimately relied on its inherent authority to preclude frivolous filings from a pro se litigant.

finding.

{¶ 6} Upon review, we find Annamalai's argument to be unpersuasive. The numerous motions he filed were frivolous because they pertained to a related but separate and completed foreclosure action involving the sale of the downtown Dayton building mentioned above. When Annamalai filed his motions, which were repetitive, largely incomprehensible and unrelated to this certificate-of-judgment docketing, the building already had been sold and the proceeds had been distributed. *See* Montgomery C.P. No. 2013 CV 03168 (May 25, 2016 Decision, Order, and Entry Confirming Receiver's Distribution of Proceeds from Sale of Real Property and Approving Receiver's Final Report). By relying on its inherent authority to limit frivolous filings by pro se litigants in a specific case,[2] the trial court necessarily determined that Annamalai's dozens of motions were frivolous. We see no abuse of discretion in that determination. We also reject Annamalai's argument about a lack of notice or an opportunity to be heard. The plaintiff's motion to bar further filings gave him notice that his ability to continue filing documents was being challenged. Annamalai also had an opportunity to be heard on the issue when

---

[2] *See*, *e.g.*, *Hiddens* at ¶ 18 ("This court has recognized that trial courts 'have inherent authority to restrict the access of pro se litigants who repeatedly file frivolous pleadings.' *Rife v. Morgan* (Dec. 18, 1998), Champaign App. No. 98–C–6, *5, citing *White v. Int. Union, Plant Guard Workers Loc. 16* (June 22, 1994), Montgomery App. No. 14332, unreported."); *Troja v. Pleatman*, 1st Dist. Hamilton No. C-150746, 2016-Ohio-5294, ¶ 21 ("A trial court has the inherent power to do all things necessary to the administration of justice and to protect its own powers, process, and the rights of those who invoke its process. *State ex rel. Pfeiffer v. Common Pleas Court*, 13 Ohio St.2d 133, 235 N.E.2d 232 (1968), paragraph one of the syllabus. Indeed, several Ohio appellate courts 'have held that these inherent powers include the ability to limit a particular litigant's access to the courts or to prevent further or additional filings in a specific case.' *Smith v. Ohio Dept. of Human Servs.*, 115 Ohio App.3d 755, 759, 686 N.E.2d 320 (12th Dist.1996). Thus, the ability to address and prohibit frivolous litigation practices is an essential part of the inherent power of the courts to control and protect the integrity of their own processes. *Id.* at 759, 686 N.E.2d 320.").

he filed his September 15, 2016 response to the motion to bar further filings. (Doc. #27).

{¶ 7} Because each of the Appellant's motions relate to the sale of the building in question and the application of the Certificate of Judgment only to that building we perceive the court's order limiting of filings in this case to be related to the application of the certificate of judgment to the sale of the specific building in question, distribution of proceeds therefrom and completion of that foreclosure. Whether the trial court's order affects the application of the certificate of judgment to some other asset or execution upon some other property in the future was not before the trial court or before us.

{¶ 8} For the foregoing reasons, we overrule Annamalai's assignment of error. The trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Ronald Kozar
Stephen Linnen
Annamalai Annamalai
Hon. Dennis J. Langer