THE STATE, EX REL. PFEIFFER, APPELLANT, *v.* COMMON PLEAS
COURT OF LORAIN COUNTY ET AL., APPELLEES.

134

(No. 40907—Decided March 20, 1968.)

*Mr. Leonard J. Haase,* for appellant.
*Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. Richard T. Laux,* for appellees.

HERBERT, J. The question presented here is whether a court may continue a motion of a parent for rehearing of a temporary child custody order when the moving party, the same parent, is not personally before the court but has removed herself and one child from the jurisdiction of the court contrary to such order. The appellant is the defendant in a divorce action pending in the appellee court. She has actively invoked its aid by her cross-petition. Pursuant to the authority granted by Section 3105.14 of the Revised Code to make allowance for support and custody orders *pendente lite,* the appellee judge made an order granting temporary custody of the two minor children of the parties to the paternal grandfather.  Upon learning of this order, appellee took the younger child with her to reside with her parents in Texas. From her domicile in Texas, she has invoked the aid of appellee court by causing a motion for rehearing to be filed.

Section 3105.14 of the Revised Code provides that either parent, or both, may for good cause be deprived of custody temporarily, pending a final determination of whose

custody is in the best interest of the child under Chapter 3109, Revised Code. It is appellant's own conduct that has placed her in the anomolous position where, with relative impunity, she is in contempt of the order of the court while litigating the propriety of that order. Under these circumstances, it is appellant, rather than the court, who decides for all practical purposes what is best for the child in her custody as there is no reason to believe that she would not continue in contempt of the present custody order in the event of affirmance on review.

Appellant argues that the trial court was under a mandatory duty to enter a final order upon the application for rehearing. Section 3105.14 of the Revised Code provides in part:

"* * * On application *for a rehearing* on any such [alimony or custody *pendente lite*] order by a party whose rights are irreparably and substantially affected thereby, if requested by such party, the court *shall* make *a final order with respect to the matters provided for in such temporary order.*" (Emphasis added.)

We do not think that the statute imposes a mandatory duty on the trial judge to make his previous order final without any reconsideration or the exercise of *any* discretion. The General Assembly provided for an *application for rehearing* rather than a mere application. It provided for *a final order with respect to the matters provided for in such temporary order,* rather than merely finalizing such temporary order. We think that these provisions contemplate that the court shall reconsider its temporary order and enter such final order as the circumstances may require. This is particularly true where the future welfare of children is involved.

The Court of Appeals, in denying the writ in the instant case, rested its judgment on the ground that the interest of the children was paramount.

We think that it is within the inherent powers of a court to deny relief to a litigant who refuses to comply with the orders of the court, and in effect defies the orders of a court. This power derives from the inherent power

of courts to do all things necessary to the administration of justice and to protect its own powers and processes and the rights of those who invoke its processes. See *State, ex rel. Raydel,* v. *Raible,* 92 Ohio App. 537. It inheres in the constitutional grant of judicial power to the courts. In *Wind* v. *State,* 102 Ohio St. 62, the imposition without trial by jury of a jail sentence for contempt in maintaining a public nuisance against a previous order of the court was tested in this court.

The *per curiam* opinion stated, at page 64:

"The power of a court to enforce its own proper orders is fundamental and inherent, as well as constitutional; necessarily so, to give it standing and afford respect and obedience to its judgment. This is upon the broad ground of public policy, and without which power the judicial edifice would fall. * * *"

Earlier, in *Hale* v. *State,* 55 Ohio St. 210, this court examined legislative limitations on the inherent powers of courts. Paragraph one of the syllabus in *Hale* reads, in pertinent part:

"The General Assembly is without authority to abridge the power of a court created by the Constitution to punish contempts summarily, such power being inherent and necessary to the exercise of judicial functions * * *."

Infrequently, but consistently, this court has relied upon the inherent powers of courts to do those things necessary to the preservation of judicial powers and processes. See *Jelm* v. *Jelm,* 155 Ohio St. 226; *State, ex rel. McKean,* v. *Graves,* 91 Ohio St. 23; *State* v. *Townley,* 67 Ohio St. 21.

For these reasons, appellant is not entitled to the allowance of the extraordinary writ of procedendo, and the judgment of the Court of Appeals denying the writ is, therefore, affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.

TAFT, C. J., concurs in paragraphs two and four of the syllabus and in the judgment.