IN RE GUARDIANSHIP OF HOLLINS.

[Cite as *In re Guardianship of Hollins,* 114 Ohio St.3d 434, 2007-Ohio-4555.]

(No. 2006–1137—Submitted May 2, 2007—Decided September 19, 2007.)

LANZINGER, J.

{¶ 1} In this case, we are asked to determine the extent of a probate court's jurisdiction, if any, over a minor ward once that ward reaches the age of majority.

## Case History

{¶ 2} In August 2002, appellee, Mark McLeod, filed an application for the appointment of a guardian of a minor in the Cuyahoga County Probate Court. McLeod was seeking to become the guardian of the estate of then 15–year–old Walter Hollins Jr. to pursue a medical malpractice complaint on Hollins's behalf. In September 2002, the probate court granted McLeod's application and appointed him Hollins's guardian.

{¶ 3} Two years later, in August 2004, McLeod filed an application to settle Hollins's claim against University Hospitals of Cleveland ("UHC"). A hearing on the application was held in September, and a magistrate issued a decision. In January 2005, the probate court held a hearing on the application to settle and on the magistrate's decision.

{¶ 4} Hollins turned 18 on Saturday, January 29, 2005.

{¶ 5} On the following Monday, January 31, 2005, the probate court journalized a judgment entry approving the application to settle with UHC. The court also specified the manner in which McLeod was to distribute the settlement proceeds.

{¶ 6} Also on January 31, 2005, McLeod filed a guardian's final account. The account stated that because the court had not approved a settlement by Hollins's 18th birthday, his estate contained no funds. McLeod also filed an application for an appointment of a guardian of the alleged incompetent in order to have Regina Harris, Hollins's mother, named as guardian of her son's person and to have himself named guardian of the estate. McLeod withdrew this application in March 2005 after Hollins and his mother moved to Michigan.

{¶ 7} In March, the probate court filed its own motion to vacate its January 31 order, based on concerns that it had lost subject matter jurisdiction over Hollins's estate once Hollins had reached the age of majority on January 29. On its own initiative, the court asked appellant, Frederick Nance, an outside attorney who was previously unaffiliated with the case, to file a brief supporting the court's jurisdiction. UHC filed a brief supporting the Ohio probate court's jurisdiction. After a hearing on the issue, the court entered an order on April 21, finding that it had jurisdiction and ordering McLeod to file an amended final account and to disburse funds pursuant to the court's January 31, 2005 order.

{¶ 8} Because McLeod continued to oppose the probate court's orders and refused to distribute the settlement proceeds according to the court's directions, the court removed him as guardian of the estate.[1] The court appointed Nance as successor guardian to replace McLeod.

{¶ 9} McLeod appealed the probate court's order removing him as guardian of the estate of Hollins, as well as the April 21 order approving the settlement and overruling its motion to vacate. In a two-to-one decision, the Eighth District Court of Appeals vacated both orders of the probate court. The court found that although the probate court had acted in good faith in approving the settlement, "[o]nce the ward turned 18 * * *, the probate court was without jurisdiction to issue any orders." *In re Guardianship of Hollins*, Cuyahoga App. Nos. 86412 and 86574, 2006-Ohio-1543, 2006 WL 825389, ¶ 12. The Eighth District also ruled that the probate court had lacked jurisdiction to remove McLeod as guardian of the estate. Id.

{¶ 10} We accepted Nance's discretionary appeal to determine whether a probate court may properly retain jurisdiction and issue orders related to the minor ward once that ward has reached the age of 18.

## Probate Court's Jurisdiction

{¶ 11} It is a well-settled principle of law that probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708. The general grant of jurisdiction to probate courts is found in R.C. 2101.24. The portions of that statute relevant to the case before us state:

{¶ 12} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

---

1. We are aware that while McLeod continued to contest the settlement order's validity and the proceeds' distribution, Geoffrey Fieger, attorney for Hollins, was relying on the same order in requesting payment from UHC.

{¶ 13} " * * *

{¶ 14} "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;

{¶ 15} " * * *

{¶ 16} "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 17} In addition to the general grant of jurisdiction found in R.C. 2101.24, probate courts are granted authority over guardians in all respects. The probate courts serve as superior guardians, with the ultimate authority to approve and direct the actions of guardians subject to their jurisdiction. This power is granted by R.C. 2111.50, which states:

{¶ 18} "(A)(1) At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships.

{¶ 19} "(2)(a) Subject to divisions (A)(2)(b) and (c) of this section, the control of a guardian over the person, the estate, or both of his ward is limited to the authority that is granted to the guardian by the Revised Code, relevant decisions of the courts of this state, and orders or rules of the probate court.

{¶ 20} " * * *

{¶ 21} "(B) In connection with any person whom the probate court has found to be an incompetent *or a minor* subject to guardianship and for whom the court has appointed a guardian, the court has, subject to divisions (C) to (E) of this section, all the powers that relate to the person and estate of the person and that he could exercise if present and not a minor or under a disability, except the power to make or revoke a will." (Emphasis added.)

{¶ 22} Use of the phrase "or a minor" is significant in that it necessarily implies that a person who is neither a minor nor incompetent is not subject to guardianship. Once a person turns 18, he or she is not a minor and therefore is not subject to the probate court's jurisdiction.

{¶ 23} In addition to the limits imposed upon the authority of guardians by R.C. 2111.50, R.C. 2111.46 further defines the scope of the guardian's power over a minor ward. Although primarily concerned with the replacement of a guardian, R.C. 211.46 also indicates that a guardianship ends when the ward turns 18: "When a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue *until the ward arrives at the age of majority,* unless removed for good cause or unless such ward selects another suitable guardian. After such selection is made and approved by

the probate court and the person selected is appointed and qualified, the powers of the former guardian shall cease. Thereupon his final account as guardian shall be filed and settled in court." (Emphasis added.) R.C. 2111.46 is not directly applicable to the facts of this case because it governs a guardian who is appointed before a ward is 14 years old. In this case, Hollins was already 15 when McLeod was appointed as his guardian.

{¶ 24} Nevertheless, when R.C. 2111.46 and 2111.50 are read together, it is clear that guardianships of minors terminate when the minor turns 18, regardless of the ward's age when the guardianship was created. Usage of the terms "or a minor" in R.C. 2111.50 and "until the ward arrives at the age of majority" in R.C. 2111.49 expresses the intent that a guardianship of a minor terminates upon the ward's 18th birthday.

{¶ 25} Although we have not addressed how long a guardianship of a minor exists, the few courts that have done so have consistently concluded that the guardianship ends when the minor reaches the age of majority. *In re Guardianship of Hinerman* (Nov. 1, 2001), Hocking App. No. 00CA1 ("a minority guardianship terminates once the ward is no longer a minor"); *In re Estate of Streit* (1901), 12 Ohio Dec. 158, 161 ("After a ward arrives at majority, the guardianship ceases *ipso facto*").

{¶ 26} In this case, McLeod's authority as a guardian, and thus the probate court's jurisdiction over Hollins, terminated January 29, 2005, when Hollins turned 18. At that point, McLeod lost the authority to serve as Hollins's guardian. The probate court was similarly deprived of jurisdiction to issue orders related to the oversight of the guardianship of Hollins. Therefore, both the order approving the settlement and the order removing McLeod as guardian are invalid for lack of jurisdiction.

{¶ 27} Nance argues that by holding that a probate court's jurisdiction over a minor ward terminates when that ward reaches the age of majority, we also deprive probate courts of the authority to oversee and approve a guardian's final account. While it is true that such accounts must be filed after the ward turns 18, our decision does not mean that probate courts are without authority to approve these accountings. Probate courts are granted additional jurisdiction for a limited and specific purpose. R.C. 2109.302(A) provides that "every guardian or conservator shall render a final account within thirty days after completing the administration of the ward's estate." This requirement necessarily provides an independent grant of jurisdiction to the probate court for the consideration and settlement of a guardian's final account; it does not provide jurisdiction beyond a minor's age of majority for other purposes.

{¶ 28} Nance also argues that the probate court retains jurisdiction to approve the settlement agreement because the matter was pending before the probate

court on January 29, 2005, when Hollins turned 18. Nance claims that *State ex rel. Estate of Hards v. Klammer*, 110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 6, supports the position that probate courts retain jurisdiction over all matters pending before them when a guardianship terminates.

{¶ 29} However, in *Klammer*, we simply determined that once a guardianship ceases to exist, a probate court retains jurisdiction for the limited purpose of settling the guardian's final accounting. Id. at ¶ 13. We did not hold, as appellee contends, that even when a guardianship ends, probate courts retain jurisdiction over all matters pending before them.

{¶ 30} Additionally, even though the probate court held a hearing on the settlement agreement before Hollins's birthday, the court did not journalize an order approving the settlement until after Hollins turned 18. Any decision that might have been reached before that hearing is irrelevant. We have repeatedly stated that a court speaks exclusively through its journal entries. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 30, quoting *State ex rel Geauga Cty. Bd. of Commrs. v. Milligan*, 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, ¶ 20. Only after the order has been journalized does a court's order have legal force and effect. In this case, journalization did not occur until after the court was divested of jurisdiction. Thus, the order approving the settlement is invalid.

## Creation of a Guardianship

{¶ 31} Nance reasons that because Hollins was also incompetent, there is continuing jurisdiction in the probate court, even if under normal circumstances the court would lose jurisdiction when a minor ward turns 18. In this case, however, even though the parties do not contest Hollins's incompetency, the only guardianship that was created was premised on his status as a minor. No one filed a motion or took steps to seek a guardianship based on incompetency before Hollins reached the age of majority. Because no guardianship of an incompetent was ever created, any evidence of Hollins's incompetency is irrelevant to our consideration of the probate court's jurisdiction in this case.

## Conclusion

{¶ 32} The only guardianship that ever existed in this case was a guardianship of a minor; no other guardianship was ever created. When a guardianship is predicated exclusively on a ward's minor status, the guardian's power and the probate court's jurisdiction both terminate when the ward reaches the age of majority. The probate court was therefore without jurisdiction to issue any order once Hollins turned 18; the only power the court had after that date was to consider McLeod's final accounting.

{¶ 33} Because the probate court was divested of jurisdiction by virtue of the minor ward's reaching the age of majority, any orders issued after January 29, 2005, were invalid. We therefore affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, O'CONNOR and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 34} I respectfully dissent. I believe that the probate court had jurisdiction, inherent and statutory, to dispose of all matters pending in the guardianship at the time the ward turned 18, including the pending application to settle Hollins's claim against University Hospitals of Cleveland. Therefore, I would reverse the judgment of the court of appeals and reinstate the trial court's order of April 21, 2005.

{¶ 35} Once a probate court obtains jurisdiction over a ward and guardian, the court's primary function is to act as "superior guardian of wards who are subject to its jurisdiction." R.C. 2111.50(A)(1). The purpose of this guardianship was to process the malpractice complaint on behalf of then 15-year-old Hollins. Once the claim was settled or prosecuted against all defendants, it was the duty of the guardian to ask the court for approval to settle and distribute the proceeds.

{¶ 36} It is undisputed that McLeod's application to settle the claim was properly before the court in a timely manner. A magistrate decided the matter in September 2004. The probate court held a hearing on the application and the magistrate's decision. Hollins turned age 18 on a Saturday, and the court's order to distribute the settlement proceeds was filed the following Monday. The guardian's final account, however, reported that the estate had received no funds because the court's entry had not been filed prior to Hollins's birthday.

{¶ 37} The majority reasons that the guardianship terminates immediately upon the ward's 18th birthday, except for approving the final account. According to the majority, because the probate court had not entered its judgment entry prior to Hollins's birthday, the court lacked jurisdiction to do so after he turned age 18. The result leaves the ward's affairs unfinished and the entire purpose of the guardianship unresolved. To reach its conclusion, the majority interprets various statutes and reads them together. There is no need for interpretation. R.C. 2101.24(C) clearly and unambiguously grants jurisdiction to a probate court to *"dispose fully of any matter that is properly before"* it. (Emphasis added.) To dispose of a case, the probate court must conduct a hearing to review the

guardian's final accounting. At this hearing, "the court shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust * * * or make any other order as the court considers proper." R.C. 2109.32(A). If there is a motion pending and a record of a hearing on that motion, the court has a duty to inquire into and make any necessary order to resolve the issue before finalizing the guardianship and approving the final account.

{¶ 38} In addition, the guardian's final account must complete the administration of *all* of the ward's estate. R.C. 2109.302(A). In this case, however, there remained a pending application to settle a claim of *$1.5 million*. What happens to that pending application once the probate court must relinquish jurisdiction over the estate when the ward turns age 18? Does the application become a nullity? The majority gives the probate court carte blanche to ignore unresolved matters once the ward turns 18—in this case, the existence of a significant amount of money and the very purpose of this estate in the first place.

{¶ 39} I agree that a guardianship over a minor ends when the ward turns age 18. Nevertheless, the probate court retains jurisdiction beyond the age of majority of the ward for the limited purpose of approving the final account, which must resolve all remaining matters in the estate. Under the majority's analysis, the guardian's final account leaves unresolved issues because the probate court is unable to approve or disapprove of actions taken by a guardian before the ward turned 18. This approach allows a guardian to play games with the system and to avoid court oversight by using delay tactics. This result may expose the guardianship to possible abuse or misuse of funds.

{¶ 40} Therefore, I believe that the probate court properly exercised its jurisdiction when it ordered the guardian to file an amended final account and to disburse the funds per the court's order of January 31, 2005. The court had the inherent power to exercise discretion for the benefit of its ward. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus. Once a court's jurisdiction is properly invoked, the court's inherent power includes the authority to protect the rights of the parties. *State ex rel. Pfeiffer v. Lorain Cty. Court of Common Pleas* (1968), 13 Ohio St.2d 133, 136–137, 42 O.O.2d 362, 235 N.E.2d 232.

{¶ 41} As the dissenting judge wrote when the court of appeals denied reconsideration of its opinion that vacated the probate court's decision, "[t]he guardianship of a minor should not become a pseudo-Cinderella story, where

settlement of the claim is conditioned upon approval before midnight of the ward's 18th birthday. I strongly believe that the probate court retains jurisdiction to finish what it started and rule upon the final account—no more and no less."

{¶ 42} Therefore, I respectfully dissent.

O'DONNELL, J., concurs in the foregoing opinion.

---

Kemp, Schaeffer, Rowe & Lardiere Co., L.P.A., Steven D. Rowe, and Erica Ann Probst, for appellee, Mark McLeod.

Squire, Sanders & Dempsey L.L.P., John F. Shelley, Ellen K. Meehan, and J. Seth Metcalf, for appellant, Frederick R. Nance.