[Cite as *In re Estate of Torbett*, 2017-Ohio-417.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: EULA TORBETT | : | CASE NO. CA2016-02-004 |
|  | : | O P I N I O N |
|  | : | 2/6/2017 |
|  | : |  |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PE20150019

Isaac Wiles Burkholder & Teetor, LLC, Daniel E. Bringardner and Dale D. Cook, Two Miranova Place, Suite 700, Columbus, Ohio 43215, for appellant

Clark R. Torbett, 435 N. North Street, Washington, C.H., Ohio 43160, for appellee, William Torbett

Nancy Ann Torbett, 12414 Loves Lane, Greenfield, Ohio 45123, pro se

Ronald Torbett, 236 East E. Elm Street, Sabina, Ohio 45169, pro se

**S. POWELL, P.J.**

{¶ 1} Appellant, Julia Tromblay, one of the late Eula Torbett's two adult daughters, appeals from the decision of the Fayette County Court of Common Pleas, Probate Division, denying her motion to revoke the admission to probate of the will her mother executed in 2002 and to rescind the appointment of her brother, William Torbett, as the administrator for her mother's estate. For the reasons outlined below, we affirm.

{¶ 2} Beginning in 1973, Eula Torbett ("Eula") was a resident of Fayette County, Ohio where she lived with her husband, Loren Torbett ("Loren"). Eula and Loren had four children, appellant, Julia Tromblay ("Tromblay"), Ronald Torbett ("Ronald"), William Torbett ("William"), and Nancy Torbett ("Nancy").

{¶ 3} Loren passed away on April 24, 2014. Following Loren's death, Eula briefly stayed with her daughter Nancy in Highland County, Ohio, as well as with her son Ronald in Clinton County, Ohio. However, on June 25, 2014, Tromblay picked up her mother for what was believed to be a one-hour lunch visit, when Tromblay instead secreted Eula away for several months in an apartment located in Franklin County, Ohio. During this time, it is generally undisputed that Eula was suffering from dementia, thus resulting in her diminished physical and mental capacity.

{¶ 4} Due to her deteriorating condition, on November 19, 2014, the Franklin County Probate Court appointed attorney Michael Juhola ("Attorney Juhola") as guardian for Eula. Approximately one month later, on December 23, 2014, Eula passed away. At the time of her death, Eula was a resident of Franklin County, Ohio under Hospice care in Columbus.

{¶ 5} On January 14, 2015, attorney James Kiger ("Attorney Kiger") filed a document with the Fayette County Probate Court purporting to be Eula's last will and testament that she had executed on February 5, 2002. Thereafter, on January 26, 2015, Eula's son William filed applications with the Fayette County Probate Court to probate the 2002 will and to be appointed the administrator for Eula's estate. That same day, both Ronald and Nancy filed a waiver of notice of the probate of the 2002 will, as well as a waiver to their appointment as the administrator of Eula's estate. Tromblay did not file either waiver.

{¶ 6} On January 29, 2015, the Fayette County Probate Court issued an entry scheduling a hearing on William's applications for April 1, 2015. Ronald, William, and Nancy subsequently filed a waiver of service regarding that hearing. Once again, Tromblay did not

file a waiver and was otherwise not served with notice of this hearing.

{¶ 7} On April 6, 2015, the Fayette County Probate Court issued an entry rescheduling the April 1, 2015 hearing for May 13, 2015. Ten days later, on April 16, 2015, notice was provided to the Fayette County Probate Court indicating all attempts to serve Tromblay with notice of the hearing by certified mail had gone unclaimed. As a result, a process server was appointed to serve Tromblay with notice of the hearing on April 22, 2015. Tromblay was subsequently personally served with notice of the hearing by the Franklin County Sheriff's Office on April 27, 2015.

{¶ 8} On May 13, 2015, the hearing on William's applications was conducted. Ronald, William, Nancy, and Tromblay were all present at this hearing and represented by counsel. Approximately two months later, on July 14, 2015, the Fayette County Probate Court issued a decision finding Eula was domiciled in Fayette County, Ohio at the time of her death, and therefore, it had exclusive jurisdiction to open and admit the 2002 will to probate in accordance with R.C. 2107.11(A)(1). Pursuant to that statute, a will shall be admitted to probate "[i]n the county in this state in which the testator was domiciled at the time of the testator's death[.]" In so holding, the Fayette County Probate Court determined that Eula "was clearly not in a sufficient mental state to make a decision to change her domicile from Fayette County, Ohio at any time in the year 2014." The Fayette County Probate Court then appointed William to serve as the administrator for Eula's estate.

{¶ 9} On June 18, 2015, prior to the Fayette County Probate Court issuing its decision, Eula's former guardian, Attorney Juhola, filed an application with the Franklin County Probate Court requesting he be appointed as a special administrator to Eula's estate. Approximately one week later, on June 24, 2015, Tromblay also filed an application with the Franklin County Probate Court requesting she be appointed as the administrator for Eula's estate. Included with this application was another document purporting to be Eula's last will

and testament executed on July 17, 2014.

{¶ 10} That same day, without first providing notice to William, Ronald, or Nancy, the Franklin County Probate Court issued a form entry admitting the 2014 will to probate, as well as a form letter of authority naming Tromblay as the executor for Eula's estate. As part of this letter of authority, the Franklin County Probate Court stated Eula was domiciled in Franklin County at the time of her death. The record is devoid of any evidence indicating the Franklin County Probate Court was made aware of the then pending matter in the Fayette County Probate Court at the time it issued these form orders and entries.

{¶ 11} On August 18, 2015, Tromblay filed a motion with the Fayette County Probate Court requesting it revoke the admission of the 2002 will to probate and to rescind the appointment of William as the administrator for Eula's estate. In support of this motion, Tromblay alleged that the Franklin County Probate Court had exclusive jurisdiction over any and all issues regarding the administration of Eula's estate since it had issued an entry admitting the 2014 will to probate and named her as the executor of Eula's estate on June 24, 2015, approximately three weeks prior to the Fayette County Probate Court issuing its decision on July 14, 2015.

{¶ 12} On October 28, 2015, the Fayette County Probate Court held a hearing on Tromblay's motion. Both William and Tromblay were present at this hearing and represented by counsel. Following this hearing, the Fayette County Probate Court issued a decision denying Tromblay's motion, as well as her alternative request to transfer the matter to the Franklin County Probate Court. In so holding, the Fayette County Probate Court stated:

> [T]he Court finds that on January 26, 2015 an Application for Authority to Administer Estate was filed in Fayette County Probate Court. This Application was served on all parties in interest and a hearing was held on May 13, 2015 on said application. On July 14, 2015 a Judgment Entry was filed admitting the will to probate and appointing William Torbett as the Administrator of the Estate of Eula Torbett.

- 4 -

On June 18, 2015 an Application was filed in Franklin County, Ohio by Michael D. Juhola to Administer Eula Torbett's estate. On June 24, 2015 Julia Tromblay filed an application to Administer the Estate of Eula Torbett in Franklin County, Ohio. Franklin County Probate Court issued Letters of Authority to Julia Tromblay on June 24, 2015. There is no evidence to show that Julia Tromblay or her attorney, Daniel Bringarder (both of whom were present and participated in the May 13, 2015 hearing in Fayette County Probate Court) even disclosed to Franklin County Probate Court that there was a pending Application in Fayette County.

The Court finds that it has previously ruled that Eula Torbett did not change her domicile from Fayette County, Ohio but that when Eula Torbett was not mentally competent her daughter, Julia Hester Tromblay, changed Eula Torbett's residence to Franklin County, Ohio.

The Court further finds that the filing of the Application for Authority to Administer Estate in Fayette County, Ohio together with its service and the holding of a hearing on said Application, with all parties present, on May 13, 2015, prior to the filing of an Application in Franklin County, Ohio vested the Fayette County Probate Court with jurisdiction in this matter.

{¶ 13} Tromblay now appeals from the Fayette County Probate Court's decision, raising three assignments of error for review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE FAYETTE COUNTY PROBATE COURT ERRED IN DENYING THE MOTION TO REVOKE THE ADMISSION OF WILL TO PROBATE AND TO REVOKE THE APPOINTMENT OF THE ADMINISTRATOR AS THE FRANKLIN COUNTY PROBATE COURT HAD EXCLUSIVE JURISDICTION OVER THE ESTATE OF EULA TORBETT.

{¶ 16} In her first assignment of error, Tromblay argues the Fayette County Probate Court erred by denying her motion to revoke the admission to probate of the will that Eula executed in 2002 and to rescind the appointment of William as the administrator of Eula's estate. In support of this claim, Tromblay argues that the Franklin County Probate Court has exclusive jurisdiction over any and all issues regarding the administration of Eula's estate

- 5 -

since that court "exercised jurisdiction first" through its form entries and orders it issued on June 24, 2015 since those entries and orders were issued before the Fayette County Probate Court issued its decision on July 14, 2015. In other words, Tromblay believes that a probate court obtains general, exclusive jurisdiction to administer a decedent's estate only after it takes some "substantive action" in the case, regardless of whether any other matter may be pending in another probate court. We disagree.

{¶ 17} Tromblay's argument demonstrates a clear misunderstanding regarding the fundamental principles of jurisdiction. "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.) *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003 (1998). Thus, jurisdiction is not something that is merely conferred on the court that is able to release a decision on a then pending matter the quickest. Surely, if that were the case, courts would almost never be able to take any matter under advisement in order to take the necessary time to review the evidence, research relevant and applicable case law, and make a decision in fear that another court would simply beat it to the punch. The type of judicial system that Tromblay suggests would be fundamentally unfair to both the courts and to the parties involved and would undoubtedly lead to even more unnecessary litigation.

{¶ 18} It is a well-settled that probate courts are courts of limited jurisdiction that are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution. *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, ¶ 11, *citing Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988). As a result, a probate court may invoke its jurisdiction only in certain prescribed instances. Pursuant to R.C. 2101.24(A)(1)(b) and (c), this includes the general, exclusive jurisdiction "[t]o grant and revoke letters testamentary and of administration" and "[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." R.C. 2107.11 further

- 6 -

addresses the jurisdiction of probate courts to probate a will. *State ex rel. Lee v. Trumbull County Probate Court*, 83 Ohio St.3d 369, 373 (1998). As noted above, and as relevant here, that statute specifically states that a will shall be admitted to probate "[i]n the county in this state in which the testator was domiciled at the time of the testator's death." R.C. 2107.11(A)(1).

{¶ 19} In this case, just as the Fayette County Probate Court found, "the filing of the Application for Authority to Administer Estate in Fayette County, Ohio together with its service and the holding of a hearing on said Application, with all parties present, on May 13, 2015, prior to the filing of an Application in Franklin County, Ohio vested the Fayette County Probate Court with jurisdiction in this matter." We find no error in the Fayette County Probate Court's decision and reiterate that a probate court's jurisdiction to probate a will is not, nor has it ever been, a race to see which court can first render a decision on a then pending matter.

{¶ 20} In so holding, contrary to Tromblay's claim otherwise, we note that the Fayette County Probate Court's decision was not a collateral attack on a decision made by the Franklin County Probate Court, but rather a proper exercise of the Fayette County Probate Court's jurisdiction as conferred by R.C. 2101.24(A)(1)(b), (c), and 2107.11(A)(1). That is certainly the case here considering the record is devoid of any evidence indicating the Franklin County Probate Court was made aware of the then pending matter in the Fayette County Probate Court at the time it issued its form orders and entries admitting the 2014 will to probate and naming Tromblay as the executor for Eula's estate.

{¶ 21} Moreover, although not contained within any assignment of error, we also note that the 2002 will was not rendered invalid when the Fayette County Probate Court did not publicly open the will within one month after it was delivered to the court as required by R.C. 2107.08. Although Tromblay suggests otherwise, that statute merely describes the

procedures for delivery of a will so that the will can be offered for probate in the probate court where the decedent was domiciled at the time of his or her death. Nowhere within that statute does it indicate a will would be rendered invalid if a probate court does not strictly comply with these procedures, and we decline to modify the statute to reach that unjust result. Therefore, finding no merit to any of Tromblay's claims herein, Tromblay's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE FAYETTE COUNTY PROBATE COURT ERRED IN DENYING THE MOTION TO REVOKE THE ADMISSION OF THE 2002 WILL AND APPOINTMENT OF ADMINISTRATOR AS A LATER WILL, REVOKING THE 2002 WILL, HAD BEEN ADMITTED IN FRANKLIN COUNTY AND THE SUBSEQUENT WILL HAD NEVER BEEN INVALIDATED BY ANY COURT.

{¶ 24} In her second assignment of error, Tromblay argues the Fayette County Probate Court erred in denying her motion to revoke the admission of Eula's 2002 will and to rescind the appointment of William as the administrator of Eula's estate since the Franklin County Probate Court admitted to probate the will Eula executed in 2014 prior to the Fayette County Probate Court issuing its decision. In light of our holding under Tromblay 's first assignment of error, we find no merit to this argument and overrule the same. Any issue as to the validity of the will Eula executed in 2014 can be addressed by the Fayette County Probate Court.

{¶ 25} Assignment of Error No. 3:

{¶ 26} THE FAYETTE COUNTY PROBATE COURT ABUSED ITS DISCRETION IN REFUSING TO TRANSFER THE FAYETTE COUNTY CASE TO FRANKLIN COUNTY IN ORDER TO DETERMINE WHICH WILL WAS VALID.

{¶ 27} In her third assignment of error, Tromblay argues the Fayette County Probate

Court abused its discretion by refusing to transfer the entire case to the Franklin County Probate Court to determine the validity of the will Eula executed in 2014. As noted above, we find any issue as to the validity of the 2014 will can be addressed by the Fayette County Probate Court. Therefore, Tromblay's third assignment of error lacks merit and is overruled.

{¶ 28} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.