[Cite as *In re Guardianship of Lieber*, 2020-Ohio-5625.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE GUARDIANSHIP                    :
OF JUDITH A. LIEBER

                                      :                 109646

[Appeal by Sami Sosnoswsky]


---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 10, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2016-GRD-213031

---

### *Appearances:*

Carlin & Carlin, William A. Carlin, and Mark W. Biggerman*,*
*for appellant.*

Mansour Gavin, L.P.A., Charles T. Brown, Michael P. Quinlan,
and Veronica T. Garofoli, *for appellee.*


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Sami Sosnoswsky is the daughter of Judith Lieber.

Appellee John P. Koscianski ("the Guardian") was the guardian of Lieber's person

and estate prior to her death. This guardianship was established in February 2016, due to Lieber's incompetency. In December 2016, Sosnoswsky filed a complaint against Lieber, in both the general division of the common pleas court and the probate court, alleging fraud in mismanaging money that Sosnoswsky claims was put in trusts for Sosnoswsky's benefit. Sosnoswsky alleged that Lieber's misconduct occurred prior to the guardianship being established. The parties disagreed on which court had proper jurisdiction over the fraud case and an appeal ensued. Ultimately, this court held that jurisdiction was proper in the general division of the common pleas court. *See Sosnoswsky v. Koscianski,* 8th Dist. Cuyahoga No. 106147, 2018-Ohio-3045; *Sosnoswsky v. Koscianski*, Cuyahoga C.P. No. CV-16-873745.

{¶ 2} On October 24, 2019, the parties entered into a proposed settlement agreement, subject to the probate court's approval. On November 8, 2019, the Guardian filed an application to settle claim in the probate court. A hearing was scheduled for December 4, 2019, but Lieber died on December 1, 2019, before the probate court could approve the settlement. The probate court dismissed the application, finding that it lacked jurisdiction to consider the proposed settlement because its jurisdiction terminated upon Lieber's death. However, the probate court also found that it retained jurisdiction over motions for attorney fees filed by the Guardian as part of the final accounting of the guardianship proceeding.

{¶ 3} Sosnoswsky appeals from this dismissal and assigns the following errors for our review:[1]

    I.    The Probate Court erred by holding that it lacked jurisdiction to consider whether to approve the proposed settlement between the parties.

    II.    The Probate Court erred by dismissing the application for authority to compromise claim for the reason that it lacked jurisdiction to consider whether to approve the proposed settlement between the parties.

{¶ 4} Having reviewed the record and pertinent law, we affirm the decision of the probate court. Jurisdiction to review pending matters in guardianship proceedings, other than attorney fees and the final accounting, terminates when the ward dies. *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214.

## Standard of Review

{¶ 5} "The question of subject-matter jurisdiction is a question of law, subject to a de novo review on appeal." *Cuyahoga Cty. Bd. of Cty. Commrs. v. Daroczy*, 179 Ohio App.3d 625, 2008-Ohio-5491, 899 N.E.2d 1017, ¶ 4 (8th Dist.).

## Probate Court Jurisdiction

{¶ 6} Probate courts have subject-matter jurisdiction over guardianships and guardianship funds. *See In re Guardianship of Jadwisiak*, 64 Ohio St.3d 176,

---

[1] On June 25, 2020, the following issue was raised sua sponte prior to oral arguments, and the parties submitted briefs accordingly: whether the probate court's retention of jurisdiction over the pending issue of attorney fees is a final appealable order pursuant to R.C. 2505.02. Upon review of R.C. 2505.02(B)(2) and Civ.R. 54(B), we find that the journal entry in question is a final appealable order.

180, 593 N.E.2d 1379 (1992) (referring to "the extension of the probate court's jurisdiction to all matters 'touching the guardianship'"). *See also* R.C. 2101.24(A)(1) ("Except as otherwise provided by law, the probate court has exclusive jurisdiction: * * * (e) To appoint and remove guardians * * *, direct and control their conduct, and settle their accounts; * * *").

{¶ 7} However, "[i]t is well-settled that the death of a ward terminates any guardianship proceedings by operation of law." *In re Guardianship of Mogul*, 11th Dist. Trumbull No. 2001-T-0083, 2002 Ohio App. LEXIS 2057 (Apr. 30, 2002). The Ohio Supreme Court has further explained the exclusive, yet limited, jurisdiction of a probate court over guardianships:

> although "there is precedent under Ohio law for the general proposition that the legal effect of a guardianship ends upon the death of the ward," a guardian has the power after the ward's death to make a proper accounting and settlement of any acts taken in regard to the ward's assets. * * * Thus, the "jurisdiction of a guardianship court does not completely terminate immediately after the ward's death." * * * Therefore, even after the ward's death, "those powers and duties necessarily involved in the proper accounting and settlement of the [guardianship] continue."

(Citations omitted.) *State ex rel. Estate of Hards v. Klammer,* 110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 12-13. *See also Simpson v. Holmes*, 106 Ohio St. 437, 439, 140 N.E. 395 (1922) ("The guardian is the personal representative of the ward while the ward lives; upon the ward's death the administrator or executor becomes his personal representative").

{¶ 8} "[O]nce a guardianship ceases to exist, a probate court retains jurisdiction for the limited purpose of settling the guardian's final accounting." *In*

*re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 29.   *Hollins* involved the guardianship of a minor, rather than a mentally incompetent adult, but we find the analogy apropos.   *See* R.C. 2111.50(B) ("In connection with any person whom the probate court has found to be an incompetent or a minor subject to guardianship and for whom the court has appointed a guardian, the court has * * * all the powers that relate to the person and the estate of the person * * *").

{¶ 9}   The issue the *Hollins* court addressed was "whether a probate court may properly retain jurisdiction and issue orders related to the minor ward once that ward has reached the age of 18."  *Id.* at ¶ 10.  The Ohio Supreme Court held that the probate court did not have jurisdiction to journalize a settlement agreement after Hollins turned 18, even though the agreement had been reached at a hearing held prior to the ward's 18th birthday.

{¶ 10} In *Hollins*, the guardian filed a motion to approve settlement in August 2004, and a magistrate held a hearing and issued a decision in September 2004.  The probate court held a hearing on the settlement and the magistrate's decision sometime in January 2005.  On Saturday January 29, 2005, Hollins turned 18.  On Monday January 31, 2005, "the probate court journalized a judgment entry approving the application to settle * * *."  *Id.* at ¶ 5.  Also on January 31, 2005, the guardian filed the final accounting, stating that "because the court had not approved a settlement by Hollins's 18th birthday, his estate contained no funds."  *Id.* at ¶ 6.

Subsequently, the probate court removed the guardian and appointed a successor guardian. *Id.* at ¶ 8.

{¶ 11} This court vacated both orders, finding that "the probate court was without jurisdiction to issue any orders." *In re Guardianship of Hollins*, 8th Dist. Cuyahoga Nos. 86412 and 86574, 2006-Ohio-1543 ("*Hollins I*"). The Ohio Supreme Court affirmed, finding that when Hollins turned 18, the probate court was "deprived of jurisdiction to issue orders related to the oversight of the guardianship of Hollins. Therefore, both the order approving the settlement and the order removing [the] guardian are invalid for lack of jurisdiction." *Hollins,* 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, at ¶ 26.

**Analysis**

{¶ 12} On appeal in the instant case, Sosnoswsky argues that *Hollins* is not applicable, because the guardianship was based on Lieber's incompetency rather than the ward being a minor. Sosnoswsky misconstrues this court's statement in *Hollins I* that "[i]f, however, the ward is found incompetent by the probate court, then jurisdiction continues." The term "ward" in that statement applies to a minor ward. In other words, probate court jurisdiction based on the ward being a minor may "continue" after the ward reaches the age of majority if that ward is found incompetent. Once an incompetent ward dies, probate court jurisdiction terminates.

{¶ 13} This court recently applied *Hollins* to a jurisdictional challenge involving a guardianship over an incompetent ward. In *In re Guardianship of*

*Siman*, 8th Dist. Cuyahoga No. 109586, 2020-Ohio-4472, this court found that the probate court lacked jurisdiction to grant the appellant's motion to compel return of guardianship funds, because the ward had died before the motion was ruled on. "*Hollins* shows that a guardianship that necessarily terminates upon the happening of an event may not be extended from a Saturday to the following Monday." *Id.* at ¶ 20.

{¶ 14} Sosnoswsky further argues that *In re Guardianship of Dereno*, 5th Dist. Delaware No. 95CA F 10 064, 1996 Ohio App. LEXIS 3705 (May 2, 1996) is "directly analogous and supports the probate court's continued jurisdiction." In *Dereno*, the appellate court found that the probate court's approval of a settlement agreement subsequent to the ward's death was not an abuse of discretion. *Id.* Although the facts in *Dereno* are similar to the facts of the instant case, we respectfully decline to follow the Fifth District's 24-year-old case. *Dereno* predates the Ohio Supreme Court's holding in *Hollins*, and we find that *Hollins* essentially overrules the holding in *Dereno*.

{¶ 15} In following *Hollins* and *Siman*, we find that the probate court did not err by dismissing the Guardian's application to settle claim for lack of jurisdiction. Accordingly, Sosnoswsky's assigned errors are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_Patricia Ann Blackmon_
PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR