[Cite as *State v. James*, 2022-Ohio-1994.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0020 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JASON N. JAMES, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00227 |

**O P I N I O N**

Decided: June 13, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, Ohio 44308, and *Abigail M. Schock*, Assistant Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Jason N. James, appeals the judgment sentencing him to a total of 66 months in prison.

{¶2} In 2020, James was indicted on ten felony counts: two counts of identity fraud, in violation of R.C. 2913.49(E)(H), one count of identity fraud, in violation of R.C. 2913.49(B)(1)/(2), two counts of grand theft, in violation of R.C. 2913.02, three counts of forgery, in violation of R.C. 2913.31, and one count of theft, in violation of R.C. 2913.02. The grand theft counts alleged that James purposely deprived Family Farm and Home

("Family Farm") of $20,450.05 and Myers Appliances of $8,320.06. The theft count alleged that James purposely deprived Van's Tires of $3,263.80. Pursuant to a plea agreement, James entered guilty pleas to all charges except the three counts of identity fraud, which the state moved to dismiss. The written guilty plea indicates that the plea negotiations included that the state would "concur with PSI," and "restitution to be determined through the PSI and [v]ictim impact statements."

{¶3} The court accepted the pleas, dismissed the identity fraud counts, referred the matter to the probation department for investigation and report, ordered James be interviewed for the Northeast Ohio Community Alternative Program, and thereafter set the matter for sentencing.

{¶4} In an entry dated February 1, 2021, the court sentenced James to 18 months imprisonment on each of the following counts: two counts of grand theft and three counts of forgery, all felonies of the fourth degree, and 12 months imprisonment on the theft count, a felony of the fifth degree. The court ordered that the sentences for three of the fourth-degree felonies and the fifth-degree felony be served consecutively. The court further ordered that "the victims in this matter are granted a civil judgment against the Defendant in this matter for restitution."

{¶5} In his first assigned error, James contends:

{¶6} "Trial court abused its discretion when it included a civil judgment for an alleged restitution amount not supported by credible evidence in Mr. James's sentence in violation of his due process rights the [sic.] Fourteenth Amendment to the U.S. Constitution and Article 1, Sections 1, 10 & 16 of the Ohio Constitution."

{¶7} At sentencing, the following exchange occurred regarding restitution:

2

[THE STATE]: I would indicate to the court, [the victim assistance advocate] has reached out to the victim, we have a restitution amount of $8,320.06.

THE COURT: I have $32,033.00.

[VICTIM ASSISTANCE ADVOCATE]: Your Honor, I spoke with her at length about the restitution.

THE COURT: The victim?

[VICTIM ASSISTANCE ADVOCATE]: Yes. It's Myers Appliance Company. She sent me over an Excel spreadsheet. This was yesterday at probably noon.

THE COURT: Is this the sheet that you received?

[VICTIM ASSISTANCE ADVOCATE]: No.

THE COURT: Okay. I have a sheet attached to the PSI that says counts two and three from (sic.) restitution payable to Family Farm and Home, $20,450.00. Is that correct?

[VICTIM ASSISTANCE ADVOCATE]: So Family Farm and Home never reached back out to me so that's probably where the other amount is coming from.

THE COURT: Then I have count four and five, Myers Appliance, $8,320.00 and then I have count seven and nine, Van's Tires, $3,263.00. Does that sound correct to everyone?

[DEFENSE COUNSEL]: That sounds correct based on the plea, Your Honor. That's roughly what we figured it would be at the time of plea.

THE COURT: 32,000?

[DEFENSE COUNSEL]: Correct. I'm not sure what documentation the State has brought.

We certainly don't object to the 8,000 to Myers Appliance.

THE COURT: The total amounts were provided to Probation, not to the State, I don't believe.

3

Case No. 2021-P-0020

[THE STATE]: Your Honor, that's correct. The amounts that you indicated were in the police report. When [the victim assistance advocate] reached out to those two other victims, they did not get back with her, but obviously they got back with Probation so we'd ask you to order that amount.

{¶8} After announcing James' prison sentence, defense counsel inquired if the court had addressed restitution. The court responded,

Well, I am going to make that a civil judgment because I can't order restitution. That is a community control sanction. So I will order that $32,033.91 be converted into a civil judgment against Mr. James so that in the event that he comes into money that that money will be paid to these people who so deservedly should get the money. But, quite frankly, he still owes $75,000 to somebody he stole from up in Cuyahoga County years ago.

So this will be a civil judgment against him.

{¶9} In the sentencing entry, the trial court ordered "the victims in this matter are granted a civil judgment against the Defendant in this matter for restitution." The sentencing entry is devoid of any other reference to restitution and neither states the amount of the purported civil judgment nor the victims to whom the civil judgment was to be paid.

{¶10} Initially, we note that with respect to the court's statements at sentencing, it was mistaken in its conclusion that it could not impose restitution. R.C. 2929.18(A)(1) provides a clear basis for the payment of restitution, providing, in relevant part, that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section," including "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss."

4

{¶11} Irrespective of the trial court's statements at sentencing, the trial court's entry fails to order an enforceable civil judgment or restitution. "[A] court speaks exclusively through its journal entries." (Citations omitted.) *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 30. "Only after the order has been journalized does a court's order have legal force and effect." *Id.* The entry here provides that the victims are granted a "civil judgment * * * for restitution." "A judgment for money should be complete on its face and certain as to the amount awarded. If such judgment does not ascertain a definite monetary amount, the parties will remain uncertain as to their respective rights and liabilities." *Dick v. Perkins*, 6th Dist. Wood No. 93WD111, 1994 WL 530846, *4 (Sept. 30, 1994), citing *St. Clair v. St. Clair*, 9 Ohio App.3d 195, 197 (9th Dist.1993); *see also Gemmell v. Anthony*, 2019-Ohio-469, 129 N.E.3d 934, ¶ 38 (4th Dist.), quoting 62 Ohio Jurisprudence 3d, Judgments ("It is a fundamental rule that a judgment must be complete and certain in itself."). However, here the entry fails to identify an amount awarded or recipients of the purported civil judgment. Despite the entry's failures, the state did not cross-appeal. *See Duracote Corp. v. Goodyear Tire & Rubber Co.*, 2 Ohio St.3d 160, 163, 443 N.E.2d 184 (1983) (although an appellee may assert cross-assignments of error as a shield to uphold a judgment without noticing an appeal, where appellee seeks to assert an error as a sword to destroy or modify that judgment, it must notice a cross-appeal).

{¶12} Accordingly, the sentencing entry is not enforceable as a money judgment against James. Having no effective civil judgment or restitution ordered against him, the premise of James' first assigned error challenging such an order is invalid, and the assigned error is without merit.

5

Case No. 2021-P-0020

{¶13} In his second assigned error, James asserts:

{¶14} "The trial court erred to the prejudice of Mr. James in sentencing Mr. James in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 10 and 16 of the Ohio Constitution."

{¶15} James maintains that the trial court abused its discretion by failing to allow sufficient time for him to be screened for the NEOCAP program. Although the trial court ordered he be screened for the program, defense counsel indicated at sentencing that James was not able to appear for a screening prior to sentencing because he was in custody in Cuyahoga County:

> [DEFENSE COUNSEL]: * * * Mr. James has been in Cuyahoga County. He's basically been in custody on various cases since February.
>
> He was sentenced to CBCF by Cuyahoga County. He has been waiting there. He has a holder in Summit County. He still has to take care of that case and take care of this case.
>
> At the time of the plea, I believe you ordered a NEOCAP assessment, Your Honor.
>
> It was part of our plea negotiations that Mr. James agreed to pay the restitution, which we knew would be substantial, but also that the State would agree to a NEOCAP placement if the court would agree to that, that they would have no objection to that, Your Honor.
>
> [THE COURT]: I don't know that they were able to do the assessment because he hasn't been here.
>
> I issued a capias on September 18th.
>
> [DEFENSE COUNSEL]: That's correct.
>
> And he was in Cuyahoga at that time. He's not been out of custody at all.

Case No. 2021-P-0020

[THE COURT]: Right. That's what I'm saying. I don't know that they have done the NEOCAP assessment.

[DEFENSE COUNSEL]: I don't believe they have. I would ask you to consider sending him to CBCF since he's already been ordered in that program by Cuyahoga County and we believe in speaking with his Attorney from Summit County that they will likely go along with that as well once he finally gets there.

{¶16} The court declined CBCF placement, stating:

You owe $32,000 in restitution to the folks that you stole from here in Portage County. And based upon your record and based upon the fact that you have been to prison numerous times for similar offenses, I understand you have mental health issues, and I understand that you probably have a drug problem, but I am not going to send you on your way to Probation into another situation where you don't pay people back.

So I am going to find specifically that for these felonies of the fourth degree and fifth degree, that you are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing.

{¶17} James maintains that the trial court should have allowed more time for James to screen for NEOCAP, and that, if screening had occurred, the court would have considered NEOCAP an appropriate sanction. Aside from the speculative nature of this argument, James abandoned his request for NEOCAP placement in favor of placement at CBCF as set forth above. Because James pursued CBCF placement instead of NEOCAP and did not seek additional time for NEOCAP screening, the court did not err in failing to provide additional time for NEOCAP screening.

{¶18} Therefore, James' second assigned error lacks merit.

7

Case No. 2021-P-0020

{¶19} Accordingly, the judgment of the trial court is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.